

EXHIBIT

A

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Cause No. 3:15-cv-3370-BK |
| SHAN NAMKEEN, INC., SHAILESH PATEL, MANISHA PATEL, and SHIRISH PATEL Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

### NOTICE OF DEPOSITIONS

Ryan K. McComber
Timothy A. Daniels
FIGARI & DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Facsimile: (214) 939-2090

Counsel:

Please take notice that on **January 18, 2017,** at the below specified times, at FIGARI & DAVENPORT, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202, Plaintiff will take the Depositions of the persons listed below. *If any of these Deponents will require an interpreter, please provide undersigned counsel with the language(s) and dialect(s) needed within three days of the service of this notice.*

**9:30 A.M. - Defendant: Shan Namkeen, Inc.,** to provide testimony regarding the allegations in the most recent Complaint, including: the hiring and personnel files of the Plaintiff; Defendant's wage and hour policies during the relevant period; payroll including payment of wages and wage structure as regarding Plaintiff; assignment of Plaintiff's schedules and work; maintenance and recording of Plaintiff's hours; Defendant's dealings with the US and Texas Departments of Labor if any. The Corporate Representative shall also be prepared to testify regarding issues concerning: gross annual income and interstate commerce relevant to FLSA coverage during the relevant period; any exemptions claimed by the defense; anything set forth in Defendant's Answer and Affirmative Defenses, and Defendant's Discovery responses, identification of Plaintiffs' co-workers and their contact information, and the identification of any witnesses that Defendant believes has knowledge relevant to the instant lawsuit and their contact information.

**10:30 A.M. -  Defendant:  Shailesh Patel**

Said deposition(s) will be upon oral examination, before an officer duly authorized by  law  to take depositions, and will continue from day to day until completed. The deposition(s) is/are being taken for purposes of discovery, for use at trial, or both or for such other purposes as are permitted under the applicable rules. The deposition may be recorded by videotape. The person so designated shall testify about matters known or reasonably available.

### Duces Tecum

Under Federal Rules of Civil Procedure 30(b)(2) and 34, each deponent listed above is requested to produce the following discoverable information at the deposition: Those documents and tangible things requested in any Requests for Production directed to, or listed in Disclosures made by Defendant(s), that have not previously been produced to Counsel for Plaintiff(s).

Respectfully submitted,

By:

Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was sent via Fax and U.S.P.S First Class Mail to the above named addressee(s) on this 11th day of January, 2017.

By:

Robert L. Manteuffel
Counsel for the Plaintiff (s)



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 3:15-cv-03370-BK |
| SHAN NAMKEEN, INC. and SHAILESH PATEL, | § § § | |
| Defendants. | § § | |

## DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,


By:   /s/ Ryan K. McComber
          Timothy A. Daniels
          Texas Bar No. 05375190
          timothy.daniels@figdav.com
          Ryan K. McComber
          Texas Bar No. 24041428
          ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via e-mail to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 8, 2016.


/s/ Ryan K. McComber
Ryan K. McComber

## OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

**Answer:**

Defendants object to this interrogatory on the grounds that it seeks information that is personal and confidential, particularly the Social Security number.  Subject to the foregoing objections, without waiving same, Defendants state that Shailesh Patel provided information to respond to these interrogatories, and Defendants' attorneys drafted the responses.

**Interrogatory No. 2:**

Please state what each Plaintiff's wages were during his/her entire employment period with you. Include what his/her hourly wage was, what his/her overtime wage was (if any), any and all bonuses that he/she received during his/her entire employment period with you.

**Answer:**

Defendants agree to produce documents which will provide the information requested by Plaintiff.

**Interrogatory No. 3:**

Please list all witnesses' names, last known addresses, and last known phone numbers who are likely to have any knowledge of the hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for his/her work while employed by you.

**Answer:**

Shailesh Patel has knowledge of the hours worked and wages paid to Plaintiff while he was employed by SNI, and he may be contacted through Defendants' attorneys.

**Interrogatory No. 4:**

Please state the name, last known address, and last known phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

**Answer:**

Jalal Hyder
Financial Performance, LLC
1008 Stonewell St., Suite C
Garland, TX 75043
972-840-0151


**Interrogatory No. 5:**

Please state with specificity each and all defenses and/or avoidances that you are raising in this case, including but not limited to Affirmative Defenses and Exemptions, and the basis for each.

**Answer:**

Defendants refer Plaintiff to Defendants' amended answer which includes the affirmative defenses asserted.  In addition, Defendants state that Plaintiff was paid all wages he was due, including any wages for overtime he worked while employed by SNI.


**Interrogatory No. 6:**

Please state the name, last known address, contact person and last known telephone number of all of Defendants' suppliers in 2010, 2011, 2012, 2013, 2014, and 2015 used by Defendants and/or their employees (including Plaintiff) during the relevant period. In your answer describe what was supplied.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.


**Interrogatory No. 7:**

If you contend that there is no FLSA coverage (enterprise and/or individual coverage) in the instant case, explain why you believe the necessary interstate commerce and/or $500,000 monetary threshold are not met. In your answer, answer separately in response to enterprise and individual coverage, and address 2010, 2011, 2012, 2013, 2014, and 2015.

**Answer:**

Defendants state that SNI did not meet the $500,000 monetary threshold for the years 2010 through 2014.  With respect to 2015, SNI has not yet filed a tax return for that year, and therefore

---

is unsure if it would meet the $500,000 threshold for 2015.  With respect to interstate commerce, SNI sells none of its products outside the State of Texas, and purchases the supplies for its products from Texas companies.

**Interrogatory No. 8:**

Please list the names and contact information of all persons who were employees of Defendants during the time that Plaintiff was employed by Defendants including but not limited to: last known phone numbers, last known email address, social media contact information, and last known physical address.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.  Subject to the foregoing objections, without waiving same, Defendants agree to produce documents which indentify such employees to the extent Defendants have the requested information.

**Interrogatory No. 9:**

If you contend that Defendants did not employ Plaintiff during any portion of the employment period described in the Complaint filed in this case, whom do you contend did employ Plaintiff during that portion of the employment period?

**Answer:**

Defendants will produce documents which show the time period Plaintiff was employed by SNI, but has no knowledge of any other employment by Plaintiff.

**Interrogatory No. 10:**

List each product used or handled by any of your employees during the employment period described in the Complaint filed in this case.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

**Interrogatory No. 11:**

For each product listed in your answer to Interrogatory 10, provide the name, address and telephone number of the manufacturer.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

**Interrogatory No. 12:**

Please state the name, last known address, contact person and last known telephone number of all persons and entities that provided security systems or security services at the Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**Answer:**

Defendant has no responsive information.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | C.A. No. 3:15-cv-03370-BK |
| SHAN NAMKEEN, INC. and SHAILESH PATEL, | §<br>§<br>§<br>§ | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and responses to Plaintiff's First Request for Production.

---

Respectfully submitted,


By:  /s/ Ryan K. McComber
     Timothy A. Daniels
     Texas Bar No. 05375190
     timothy.daniels@figdav.com
     Ryan K. McComber
     Texas Bar No. 24041428
     ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS


**<u>CERTIFICATE OF SERVICE</u>**

     This is to certify that a true and correct copy of the foregoing document has been served via e-mail to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 8, 2016.


     /s/ Ryan K. McComber
     Ryan K. McComber

## OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

A copy of the Corporate Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

### RESPONSE:

SNI objects to this request on the grounds that it seeks documents that are confidential, private, and proprietary.  SNI further objects that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence since it seeks tax returns for years when Plaintiff was not employed by SNI.  Subject to the foregoing objections, and without waving same, subject to the entry of an appropriate agreed protective order, SNI agrees to produce its tax returns for the years 2012 through 2014.  SNI has not yet filed its 2015 tax return, and therefore cannot produce same.

### REQUEST FOR PRODUCTION NO. 2:

A copy of the Individual Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

### RESPONSE:

Patel objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

### REQUEST FOR PRODUCTION NO. 3:

A copy of all documents used by Defendants or their accountant to prepare the Individual Defendant's and Corporate Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

### RESPONSE:

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of all documents in the possession, custody or control of both the Corporate Defendant's and Individual Defendant's accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:**

All of the Individual Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Patel objects to this request on the grounds it seeks information that is personal, confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

All of the Corporate Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Patel objects to this request on the grounds it seeks information that is personal, confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all contracts between Defendants and their clients from the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

---

relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 8:**

A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 9:**

A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 10:**

All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

**RESPONSE:**

SNI agrees to produce responsive documents regarding Plaintiff, and Patel states that he did not make any payments to Plaintiff.

---

**REQUEST FOR PRODUCTION NO. 11:**

All contracts/documents of employment relating to Plaintiff's employment with Defendants.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and/or employment dismissal with Defendants.

**RESPONSE:**

Patel states he has no documents responsive to this request, and SNI agrees to produce documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all employees with names, phone numbers and addresses that Defendants have employed during Plaintiff's entire period of employment with Defendants.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.  Subject to the foregoing objections, without waiving same, Defendants agree to produce documents which indentify such employees to the extent Defendants have the requested information.

**REQUEST FOR PRODUCTION NO. 15:**

All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendants as stated in the complaint.

**RESPONSE:**

SNI agrees to produce documents responsive to this request for the relevant time period, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents identified in any Initial or Supplemental Disclosures made by Defendants in this matter or in Defendants' Responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

**RESPONSE:**

To the extent Defendants identify any documents in response to Interrogatories or Disclosures, they agree to produce them to Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all corporate books and records of the Corporate Defendant and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendant.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of their current or former employees.

**RESPONSE:**

Defendants have no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime compensation during the relevant time period.

**RESPONSE:**

SNI agrees to produce documents, if any, responsive to this request, and Patel states he has no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 22:**

Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by the Defendants during the relevant time period.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents submitted by the Defendants to the United States Department of Labor or the Texas Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendants' employment policies, practices and procedures in effect at any time since January 1, 2004, including any amendments or modifications thereto.

**RESPONSE:**

Defendants have no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 28:**

The complete personnel file of Plaintiff and any and all other documents related to Plaintiff's employment by the Defendants.

**RESPONSE:**

SNI agrees to produce documents, if any, responsive to this request, and Patel states he has no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 29:**

The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).


**REQUEST FOR PRODUCTION NO. 30:**

The complete personnel file of each and every person who held a position similar to that held by Plaintiff at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 31:**

Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) employed at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 32:**

All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) who worked at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 33:**

The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendants.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

The complete personnel files of each and every employee terminated by the Defendants at the subject facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 36:**

Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents on which Defendants intend to rely at trial to support their affirmative defense set forth in their Answer to the Complaint.

**RESPONSE:**

Defendants agree to produce documents on which they will rely at trial in compliance with the Scheduling Order entered in the case.

**REQUEST FOR PRODUCTION NO. 38:**

The material safety data sheets, labels, marketing materials and any other documents associated with any of the products identified in your answers to interrogatories in this case.

**RESPONSE:**

Defendants did not identify any products in the response to interrogatories. Nevertheless, Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 39:**

Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

**RESPONSE:**

Defendants agree to produce documents, if any, responsive to this request. At the present time, Defendants believe they have no responsive documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting any transaction between you and person or persons regarding the ownership or operation of your business, including but not limited to former and/or subsequent owners of any part of your business, any parties to lease agreements and assignments, and any parties to purchase or sale agreements.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 41:**

All videotapes, security logs, and any other documents associated with any security systems at Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants have no documents responsive to this request.



EXHIBIT

D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others<br>similarly situated under 29 U.S.C. § 216(b),<br><br>Plaintiff,<br><br>v.<br><br>SHAN NAMKEEN, INC. and<br>SHAILESH PATEL,<br>MANISHA PATEL, and<br>SHIRISH PATEL,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:15-cv-03370-BK |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

TO:     Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel
and J.H. Zidell, JH ZIDELL PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Shan Namkeen, Inc. ("SNI"), and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and responses to Plaintiff's Second Request for Production.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via certified mail, return receipt requested to counsel for Plaintiff, Robert Lee Manteuffel and J.H. Zidell, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on December 2, 2016.

_____
Ryan K. McComber

## OBJECTIONS AND RESPONSES

1.      A copy of S2 Brothers, LLC's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

2.      A copy of all documents used by Shailesh Patel or anyone else to prepare S2 Brothers, LLC's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

3.      All of S2 Brothers, LLC's bank statements from any and all banks S2 Brothers, LLC has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

4.      A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) S2 Brothers, LLC by its clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by S2 Brothers, LLC and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information and confidential and proprietary client information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

5.     Any and all corporate books and records of the S2 Brothers, LLC and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of S2 Brothers, LLC.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

6.     Any and all wage claims and/or wage-hour complaints filed by any of S2 Brothers, LLC's former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**RESPONSE:** Defendants have no responsive documents.

7.     Any and all time cards, time and attendance sheets and other documents which indicate or reflect the identities of current or former employees of S2 Brothers, LLC.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive personal and financial information, to the extent it seeks the production of documents protected by the attorney-client and/or work product privileges, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

8.     Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the S2 Brothers, LLC's wage-hour practices during the relevant time period.

**RESPONSE:** Defendants have no responsive documents.

9.     Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the S2 Brothers, LLC's wage-hour practices during the relevant time period.

**RESPONSE:** Defendants have no responsive documents.

10.    All videotapes, security logs, and any other documents associated with any security systems at S2 Brothers, LLC's facilities for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants have no responsive documents.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. 216 (b), | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 3:15-cv-03370-BK |
| SHAN NAMKEEN, INC. and SHAILESH PATEL, | § § § | |
| Defendants. | § § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and responses to Plaintiff's Request for Admissions.

---

Respectfully submitted,


By:   /s/ Ryan K. McComber
       Timothy A. Daniels
       Texas Bar No. 05375190
       timothy.daniels@figdav.com
       Ryan K. McComber
       Texas Bar No. 24041428
       ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via e-mail, to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 8, 2016.


                  /s/ Ryan K. McComber
                  Ryan K. McComber

## OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

Admit that Plaintiff worked the average hours per week alleged in the Complaint with you during her/his entire employment period with you as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 2:

Admit that you paid Plaintiff on average the hourly rates alleged in the Complaint since Plaintiff began employment with you until her/his termination from employment as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 3:

Admit that you never paid Plaintiff overtime wages during Plaintiff s entire employment period with you for the time period as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 4:

Admit that you do not pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours since at least 2004.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 5:

Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff s entire employment period with you as stated in the Complaint.

---

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 6:**

Admit that, at times, you paid Plaintiff in cash to compensate him/her for some of her/his wages and that you never reported these payments to the Internal Revenue Service.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 7:**

Admit that you documented the Plaintiff to have worked far fewer hours than in reality the Plaintiff worked for you.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 8:**

Admit that you maintain no written time sheets or punch cards for the hours that Plaintiff worked for you at all.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 9:**

Admit that the Fair Labor Standards Act applies to your business for the time Plaintiff worked for you.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Fair Labor Standards Act applies to the Plaintiff's work while he/she worked for you.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 11:**

Admit the Corporate Defendant grossed $500,000 or more in business done in 2010, 2011, 2012, 2013, 2014, and 2015. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied for all years, except Defendants state that SNI has not yet filed a tax return for 2015.


**REQUEST FOR ADMISSION NO. 12:**

Admit the Corporate Defendant's business for which Plaintiff worked during the relevant period was involved in interstate commerce which involved states or countries outside the state of Texas in 2010, 2011, 2012, 2013, 2014, and 2015. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 13:**

Admit that at least (2) of the Corporate Defendant's employees on a regular and recurrent basis, during 2010, 2011, 2012, 2013, 2014, and 2015, handled or otherwise worked with materials, goods, or products that were manufactured outside the State of Texas. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied.