**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DIMAS RODRIGUEZ, and all** | § | |
| **others similarly situated under** | § | |
| **29 U.S.C. 216 (b),** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:15-cv-3370-BK** |
| | § | |
| **SHAN NAMKEEN, INC.,** | § | |
| **SHAILESH PATEL,** | § | |
| **MANISHA PATEL,** | § | |
| **and SHIRISH PATEL** | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

COMES NOW Plaintiff Dimas Rodriguez ("Plaintiff"), by and through undersigned counsel, and files the following Response and Objections to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, and would respectfully show as follows:

### Introduction

1. Plaintiff filed his Complaint against Defendants Shan Namkeen, Inc. ("SNI") and Shailesh Patel alleging overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA") on October 19, 2015.  (**DE 1**).

2. SNI and Shailesh Patel filed their Answer on January 21, 2016.  (**DE 7**).

3. Plaintiff's First Amended Complaint added joint enterprise allegations and two additional Defendants, Manisha Patel and Shirish Patel, and was filed on September 20, 2016.  (**DE 24**).

4. SNI, Shailesh Patel, Manisha Patel, and Shirish Patel (collectively, "Defendants") filed their Motion to Dismiss on October 17, 2016.  (**DE 29**).

5. Defendants Motion to Dismiss was granted on January 9, 2017 and Plaintiff was given leave to replead within fourteen days.  (**DE 34**).

6. Plaintiff filed his Second Amended Complaint on January 23, 2017.  (**DE 39**).

7. Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint on February 6, 2017.  (**DE 41**).

8. For the reasons set out below, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (hereinafter, the "Second Motion to Dismiss") should be denied.

### Objections

Defendants attached three exhibits to their Second Motion to Dismiss.  *See* (**DE 41-1; DE 41-2; DE 41-3**).  Generally, a Rule 12(b)(6) motion is confined to the pleadings and does not consider any outside evidence; however, in the 5th Circuit, Rule 12(d) gives a district court "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.  Isquith ex rel. Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 194 n. 3 (5th Cir. 1988).

In Virginia College, LLC v. Martin, 2012 WL 2873888, at *2 (S.D. Miss. 2012), the court declined to exercise its discretion and consider materials outside the pleading because "[h]ad the Court converted the motion under Rule 12(d) and considered the submitted materials, then it would have allowed discovery under Rule 56(d)," which "would only further delay resolution of the repetitive motion to dismiss," and "[i]t is more expeditious to apply the Rule 12(b)(6) standard and allow discovery to proceed."  Plaintiff objects to Exhibit 1, Exhibit 2, and Exhibit 3 to Defendants' Second Motion to Dismiss as documents outside the pleadings should not be considered in the context of a motion to dismiss unless the motion to dismiss is converted to a motion for summary judgment and Plaintiff is given leave to conduct discovery.  If the Court

does consider the documents contained in Exhibit 1, Exhibit 2, and Exhibit 3 to Defendants'

Second Motion to Dismiss and converts the Second Motion to Dismiss into a motion for

summary judgment, Plaintiff requests that he be given leave to conduct discovery and file his

response twenty-one days after the close of the discovery period pursuant to Federal Rule of

Civil Procedure 12(d).[1]

**Argument and Authorities**

**LEGAL STANDARD FOR RULE 12(B)(6)**

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted, a court must construe the factual allegations in the complaint

in the light most favorable to the plaintiff.  Barker v. Riverside Cnty. Office of .Educ., 584 F.3d

821, 824 (9th Cir. 2009); *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544 555-56 (2007).  If

the complaint provides fair notice of the claim and the factual allegations are sufficient to show

that the right to relief is plausible, a court should deny the defendant's motion.  *See* Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574,

581 (7th Cir. 2009).

In Iqbal, the Supreme Court adopted its previous ruling in Twombly.  Neither case

concerned the FLSA.  Regarding Twombly and FLSA matters, the court in Douglas v. Mission

Chevrolet noted:

> A motion to dismiss pursuant to Rule 12(b)(6) challenges a
> complaint on the basis that it fails to state a claim upon which
> relief may be granted. Fed. R. Civ. P. 12(b)(6).  In ruling on a rule
> 12(b)(6) motion, the court must accept well-pleaded facts as true
> and view them in a light most favorable to the plaintiff.  Calhoun

---

1)  *See* FED. R. CIV. P. 12(d) (requiring that 12(b)(6) motion to dismiss be converted to a Rule 56 motion for
summary judgment if matters outside the pleadings are presented and not excluded by the court and that "[a]ll
parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.")

---

v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002); Collins v. Morgan
Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).[2]

The court in Douglas went on to state:

> Though a complaint need not contain "detailed" factual
> allegations, the "[f]actual allegations must be enough to raise a
> right to relief above the speculative level, on the assumption that
> all the allegations in the complaint are true." Twombly, 550 U.S.
> at 555 (internal citation omitted). Thus, to survive a motion to
> dismiss, a plaintiff's complaint must allege sufficient facts "to state
> a claim to relief that is plausible on its face." Id. at 570.
> Nevertheless, "a well-pleaded complaint may proceed even if it
> strikes a savvy judge that actual proof of those facts is improbable,
> and 'that a recovery is very remote and unlikely.'" Id. at 556
> (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40
> L.Ed.2d 90 (1974)).[3]

Rule 8 of the Federal Rules of Civil Procedure states a complaint "shall contain … a short

and plaint statement" setting forth entitlement to relief and "'give the defendant fair notice of

what the Plaintiffs' claim is and the ground upon which it rests.'" Swierkiewicz v. Sorema, 534

U.S. 506 (2002) (quoting Conley v. Gibson, 355 U.S. 41 (1957)). In an FLSA matter, the court

should ask whether "no facts are alleged showing that the Plaintiffs, if those facts be true, are

entitled to relief." Daves et al. v. Hawaiian Dredging Co., 114 F. Supp. 643, 646 (U.S. Dist.

Hawaii 1953). Moreover, the requirements to state a claim under the FLSA are quite

straightforward. Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

> "The elements that must be shown are simply a failure to pay
> overtime compensation and/or minimum wages to covered
> employees and/or failure to keep payroll records in accordance
> with the Act. There is no need to prove intent or causation that
> might require more extensive pleading. *See* Chao v. Rivendell
> Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA
> complaint sufficient under Rule 8(a)(2) where it identified the
> employees who were alleged to have worked overtime, described
> the manner of the employer's repeated violations of the overtime

---

2) Douglas v. Mission Chevrolet, 757 F.Supp.2d 637, 638 (W.D. Tex. 2010).
3) Id. at 638-39.

and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).[4]

In the instant matter, Defendants cannot reasonably claim that they do not understand what the allegations are.  Plaintiff's claims are plausible on their face.

### PLAINTIFF STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The primary purpose of pleadings in Federal Court is to give the opposing party fair notice of the issues raised in a particular case and if the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion to dismiss under Rule 12(b)(6).  *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).  In the present case, Defendants challenge the sufficiency of the individual coverage, enterprise coverage, and joint enterprise allegations in the Second Amended Complaint.

### Individual Coverage Allegations

The test to determine if an individual is engaged in commerce for the purposes of the FLSA in the Fifth Circuit is a practical test.  "The test is whether the work is so directly and vitally related to the functioning of an instrumentality of facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."  Sobrinio v. Medical Center Visitor's Lodge, Inc., 474 F.3d 828, 829 (5th Cir. 2007).  However, "[t]here is no *de minimis* requirement.  Any regular contact with commerce, no matter how small, will result in coverage." Id. (citing Marshall v. Victoria Transp. Co. Inc., 603 F.2d 1122, 1124 (5th Cir. 1979)).

Plaintiff pleaded facts in the Second Amended Complaint sufficient to support a finding of individual coverage under the FLSA.  In the Second Amended Complaint, Plaintiff alleges that Plaintiff's work for the Defendant affected interstate commerce for the relevant time period,

---

4) Id.

that Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  (**DE 39 at ¶ 12**).  Plaintiff also alleges that the Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the FLSA applies to Plaintiff's work for the Defendant.  Id.

Plaintiff goes on to provide additional details regarding how his work for the Defendants was sufficient to invoke individual coverage.  *See* (**DE 39 at ¶¶ 13 – 14**).  Plaintiff worked as a laborer for the Defendants in the manufacturing of various Indian snack foods.  Id. at ¶ 13.  The Second Amended Complaint alleges that the snack foods manufactured by Plaintiff for the Defendants were distributed to retail stores outside the state of Texas, particularly to states surrounding Texas as well as North Carolina and Illinois.  Id. at ¶ 14.  These allegations are supported by Defendant Shan Namkeen Inc.'s own statements on their Twitter account and on one of their websites.  Id.  Defendant Shan Namkeen Inc.'s Twitter account shows that it was active on or about June of 2011 and contains a statement to the effect that Defendant Shan Namkeen Inc.'s goods are generally available throughout Texas and a few other states.  (**DE 39 at ¶ 14**); (**DE 39-1 at p. 2**).  Exhibit B to Plaintiff's Second Amended Complaint contains a statement by the Defendants that their products are made fresh without any added preservatives or additives and also states that those products are available in states surrounding Texas.  (**DE 39 at ¶ 14**); (**DE 39-2 at p. 2**)  These statements, made by the Defendants and presented as exhibits to Plaintiff's Second Amended Complaint, support Plaintiff's allegations that the goods he was

manufacturing in Texas for the Defendants were regularly sold in interstate commerce at least as far back as 2011.

Defendants cite to Barr v. Custom Design & Installation, Inc. for the proposition that Plaintiff has failed to allege sufficient facts to support an individual coverage claim. *See* (**DE 41 at p. 6**). In Barr, the case was decided at the summary judgment stage after the parties had a full opportunity to conduct discovery. *See* Barr v. Custom Design & Installation, Inc., No. 3:13-cv-04925-M, 2015 WL 1255870, at *1 (N.D. Tex. March 19, 2015) (Lynn, J.). The issue in Barr was not whether or not goods being manufactured by the plaintiff were sold in interstate commerce, but whether or not the plaintiff was engaged in interstate commerce when purchasing goods from local vendors that had previously travelled through interstate commerce. *See* Barr, 2015 WL 1255870, at *2. In fact, the court in Barr later listed working with goods intended for use, delivery, or sale outside of Texas as a type of work activity that is so directly and vitally related to interstate commerce as to form a part of it. Id. at *5. In summary, Barr is distinguishable from the present matter on its facts and the references to activities that would lead to individual coverage under the FLSA in Barr actually support a finding that Plaintiff has properly alleged individual coverage in this case.

To the extent that Defendants may be arguing that Plaintiff is required to plead with exacting specificity the percentage of their goods that were sold in interstate commerce or the specific details of Defendants' distribution system, this is not an accurate statement of the law. "To survive a motion to dismiss, 'a plaintiff must allege (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed work for which he was undercompensated.'" Jackai v. Affirmative Services, Inc., No. 3:13-cv-3594-L, 2015 WL 264713, at *6 (N.D. Tex. Jan. 21, 2015) (Lindsay, J.) (quoting Coleman v. John

Moore Servs. Inc., No. 13–2090, 2014 WL 51290, at *2 (S.D.Tex. Jan.7, 2014)).  In Jackai, the plaintiff's allegations regarding interstate commerce were only that he was employed by the defendant and that the defendant "engages in an industry affecting interstate commerce."  Id. The court in Jackai found that these simple allegations "… pled sufficient facts to satisfy the first two requirements for pleading a FLSA claim."  Id.

In the present case, Plaintiff has alleged greater detail than the plaintiff in Jackai. Plaintiff has alleged that his job duties involved manufacturing goods for the Defendants and that Defendants distributed those goods in interstate commerce to states surrounding Texas as well as North Carolina and Illinois.  To require Plaintiff, a production employee, to allege in his Complaint exact and specific details regarding the percentage of goods sold by the Defendants in interstate commerce would lead only to the type of "gross speculation" disapproved of in Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc. which is discussed in more detail below.  *See* Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 U.S. Dist. LEXIS 23007, at *6 (M.D. Fla. 2008) (quoting Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004).[5]  In addition to his work as a local delivery driver, Plaintiff's Second Amended Complaint alleges that he worked as a laborer for the Defendants manufacturing Indian snack foods from on or about June 15, 2013 through on or about October 9, 2015 and that those snack foods were distributed in interstate commerce to states surrounding Texas, North Carolina, and Illinois.  (**DE 39 at ¶¶ 11 and 14**).  In the context of a motion to dismiss, Plaintiff's allegations must be construed in a light most favorable to the Plaintiff and in this case, that requires construing Plaintiff's allegations

---

5) Additional development of this issue is a factual matter that is necessarily and properly addressed in the context of summary judgment or trial. *See e.g.* Tilbury v. Rogers, 123 F.Supp. 109, 112-115 (W.D. La. 1954), aff'd, Tilbury v. Mitchell, 220 F.2d 757 (5th Cir. 1955) (finding that when 0.216 of 1% of the defendant's total dollar volume of sales eventually moved in interstate commerce as scraps that became part of animal food or other similar items that employees working for defendants in the process of manufacturing those scraps were regularly engaged in interstate commerce and entering judgment.).

regarding Defendants' sale of goods in interstate commerce to be a regularly recurring event. *See* Barker, 584 F.3d at 824; *see also* Bell Atl. Corp., 550 U.S. at 555-56.  Additional factual development during discovery is necessary to uncover specific details regarding this issue as that information is within the custody and control of the Defendants.

In summary, Plaintiff's allegations regarding individual coverage are sufficient to survive a motion to dismiss.  For the reasons set out above, Plaintiff's individual coverage allegations should not be dismissed and Defendants' Second Motion to Dismiss should be denied.

### Enterprise Coverage

Defendants' Second Motion to Dismiss also seeks to dismiss the Second Amended Complaint on the grounds that Plaintiff has failed to plead facts sufficient to allege an enterprise coverage theory under the FLSA.  *See* (**DE 41** at pp. 6-9).  Plaintiff alleges in the Second Amended Complaint that the Defendants, individually or collectively as part of a joint enterprise, had gross sales or business done in excess of $500,000 annually for the years 2011 through 2014 and that Defendants' gross sales or business done is expected to exceed $500,000 annually for 2015.  (**DE 39 at ¶¶ 15-16**).[6]  Plaintiff also alleges in the Second Amended Complaint that the Defendants regularly employed two or more employees during the relevant time period that handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.  Id. at ¶ 15.

Courts have generally held that such allegations on this issue are acceptable, as more detailed information on these issues will most often be in the hands of the defendant.  *See* Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 U.S. Dist. LEXIS 23007, at *6 (M.D. Fla. 2008) (quoting Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004).

---

6)  The Court previously found that these allegations are sufficient regarding the dollar volume requirement. *See* (**DE 34 at p. 7, n.4**).

> For this reason, an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has . . . such information. Therefore, bare bones allegations are acceptable for "enterprise" coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial. Id.

However, Plaintiff has also provided additional detail regarding his enterprise coverage allegations in response to the Court's Order of January 9, 2017. *See* (**DE 34 at p. 8**) (citing Centeno v. Facilities Consulting Grp., Inc., No. 3:14-cv-3696-G, 2015 WL 247735, at *11 (N.D. Tex. Jan. 20, 2015) ("The plaintiffs' complaint leaves the court asking what goods or materials did the employees handle or what instrumentalities of interstate commerce did they use. The court concludes it is not unreasonable to require the plaintiffs to answer these questions.")) Plaintiff has identified the types of goods or materials that travelled through interstate commerce and has identified by name himself and five other employees of the Defendants that regularly handled those goods and materials. *See* (**DE 39 at ¶¶ 13, 14, and 17**) (identifying packaging, ingredients, and production machinery believed to have travelled through interstate commerce and instrumentalities of interstate commerce and employees who regularly used said goods, materials, and instrumentalities of interstate commerce in the course of their employment with Defendants).

For these reasons, the Plaintiff has sufficiently alleged the $500,000 threshold and that Defendants had two or more employees regularly engaged in commerce or handling goods that had moved through commerce to establish enterprise coverage under the FLSA, and the Second Amended Complaint should not be dismissed on this basis.

Joint Enterprise

Finally, Defendants also take issue with Plaintiff's joint enterprise allegations in their Second Motion to Dismiss.  *See* (**DE 41 at pp. 7-11**).  Defendants primarily rely on two cases to argue that Plaintiff's joint enterprise allegations are insufficient.  Id. (citing Garza v. Deep Down, Inc., No. CIV.A. H-14-3184, 2015 WL 5883408, (S.D. Tex. Oct. 8, 2015); Griffin v. Daniel, 768 F. Supp. 532 (W.D. Va. 1991)).

There are three factors to consider when determining if separate corporate entities can be found to be a "joint enterprise" as defined by 29 U.S.C. § 203(r); those factors are whether "(A) the corporations perform related activities, (B) through unified operation or common control, (C) for a common business purpose."  Donovan v. Grim Hotel Co., 747 F.2d 966, 969 (5th Cir. 1984) (citing multiple cases).  Activities are considered to be related when they are "the same or similar" or when they are "auxiliary and service activities."  *See* Donovan v. Easton Land & Development, Inc., 723 F.2d 1549, 1551 (11th Cir. 1984) (citing S.Rep. No. 145, 87th Cong., 1st Sess. 31, *reprinted in* 1961 U.S.Code Cong. & Ad.News 1620, 1660; Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1366 (5th Cir.1973)).  In the Fifth Circuit, "auxiliary and service activities" are activities involving "operational interdependence in fact."  Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1366-67 (5th Cir. 1973).  Defendants appear to contest whether Plaintiff has sufficiently alleged that Defendants and S2 Brothers, LLC are complementary businesses and interdependent.[7]

As to whether the Defendants and S2 Brothers, LLC are complementary businesses, Defendants argue that Plaintiff has only pleaded that Defendants and S2 Brothers, LLC share employees and facilities in an effort to enhance the earnings of their separate businesses.  (**DE 41**

---

7)  (**DE 41 at pp. 8 – 11**).

**at p. 9**). In the context of joint enterprise allegations under the FLSA, "Activities are considered "related" when they are 'the same or similar or when they are auxiliary or service activities such as warehousing, bookkeeping, purchasing, advertising, including, generally, all activities which are necessary to the operation and maintenance of the particular business.' Activities having a reasonable connection with the major business purpose of an enterprise would be considered related." Garza v. Deep Down, Inc., No. CIV.A. H-14-3184, 2015 WL 5883408, at *3 (S.D. Tex. Oct. 8, 2015) (citing Reich v. Bay, Inc., 23 F.3d 110, 114 (5th Cir. 1994)).

While S2 Brothers, LLC appears on paper to only be a laundromat, Plaintiff has also alleged that S2 Brothers, LLC performs a service for Defendant Shan Namkeen, Inc. that is integral and essential to the business of distributing manufactured snack foods; namely, that of providing packaging and storage for goods manufactured by Shan Namkeen, Inc. prior to distribution. *See* (**DE 39 at ¶¶ 18 – 19**). At least some of the employees providing those services for Shan Namkeen, Inc. are also required to simultaneously provide assistance at S2 Brothers, LLC's laundromat facilities where the packaging and storage of Shan Namkeen, Inc.'s goods takes place, and at least one of those employees is on some occasions transferred from S2 Brothers, LLC's facilities to Shan Namkeen, Inc.'s production facility in Garland to work on weekends. Id. This goes beyond merely having a mutually beneficial working relationship between otherwise unrelated companies and alleges that both S2 Brothers, LLC and Shan Namkeen, Inc. are involved in the business of manufacturing and distributing Indian snack foods.[8]

The factor of a "common business purpose" appears to be the most nebulous factor, but requires more than "a common goal to make a profit." Donovan v. Grim Hotel Co., 747 F.2d at

---

8) Defendants do not appear to contest that Shan Namkeen, Inc. and S2 Brothers, LLC are under common ownership and control.

971 (citing Brennan v. Veterans Cleaning Service, Inc., 482 F.2d at 1367). Other circuits that have addressed this factor have found that "a common business purpose is generally found where there are related activities and common control." Morgan, 625 F.Supp.2d at 648 (citing Chao, 346 F.3d at 916). This sentiment appears to be echoed by the Fifth Circuit in Brennan v. Veterans Cleaning Service, Inc. See Brennan v. Veterans Cleaning Service, Inc., 482 F.2d at 1367 (noting that many of same considerations relevant to issue of related activities also relevant to common business purpose). The Code of Federal Regulations states:

> Generally, the term "common business purpose" will encompass activities whether performed by one person or by more than one person, or corporation, or other business organization, which are directed to the same business objective or to similar objectives in which the group has an interest.[9]

Assessing the "common business purpose" prong under the FLSA joint enterprise analysis goes beyond determining the primary activities of the businesses. See Brennan, 482 F.2d at 1367 ("Thus, the Savannah Bank and Trust Company case focused on operational interdependence in fact, and not only on the primary activities of the businesses."); see also Wirtz v. Savannah Bank & Trust Co. of Savannah, 362 F.2d 857, 859-61 (5th Cir. 1966). In the present case, Defendants argue that Plaintiff has failed to allege that Shan Namkeen, Inc. and S2 Brothers, LLC are interdependent enough to support a finding that there is a common business purpose between them. (**DE 41 at pp. 10 – 11**). Defendants' arguments in this regard focus on the benefits received by S2 Brothers, LLC as a result of this joint enterprise. Id.

Plaintiff's Second Amended Complaint alleges that S2 Brothers, LLC received the benefit of work performed for its benefit by employees of Shan Namkeen, Inc. (**DE 39 at ¶¶ 18 – 19**). Particularly, employees of Shan Namkeen, Inc. were also required to monitor the

---

9) 29 C.F.R. § 779.213.

operations of S2 Brothers, LLC by way of a video feed and transition from their manufacturing jobs to assist in the laundromat as necessary.  Id.  In addition to employees of one company providing services for the other and vice versa, Plaintiff's Second Amended Complaint also alleges that Shan Namkeen, Inc. and S2 Brothers, LLC shared real estate or office space as well as managerial staff.  *See* Id. *and compare* Donovan v. Janitorial Services, Inc., 672 F.2d 528, 530-31 (5th Cir. 1982).

For the reasons set out above, Plaintiff's enterprise coverage allegations should not be dismissed and Defendants' Second Motion to Dismiss should be denied.

## REQUEST FOR LEAVE TO REPLEAD

Federal courts greatly prefer to decide cases on their merits rather than on the sufficiency of the pleadings and therefore often allow plaintiffs at least one opportunity to cure any pleading deficiencies before dismissing a case under either Rule 12(b)(6) or Rule 12(c).  *See* Dorward v. Ramirez, 2009 WL 2777880, at *5, n. 5 (citing In re Am. Airlines, Inc. Privacy Litig., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)); *see also* Barnett, 2014 WL 6805529, at *1 (N.D. Tex. Dec. 3, 2014) (Fitzwater, J.) (granting leave to amend complaint when requested in plaintiff's response to defendants' motion for judgment on the pleadings).  Outright dismissal with prejudice is appropriate only when it is clear that the defects are incurable or the plaintiffs advise the court that they either cannot or will not amend their pleadings to avoid dismissal. Dorward, 2009 WL 2777880, at *5, n. 5 (citing In re Am. Airlines, Inc. Privacy Litig., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)).

As set out above, Plaintiff believes his pleadings are made with sufficient specificity to support his claims.  However, if the Court determines that additional specificity is required as to

any of those claims and grants Defendants' Second Motion to Dismiss even in part, Plaintiff is willing and able to replead and requests that he be granted leave to do so.

### Prayer

Wherefore, Plaintiff respectfully asks the Court to deny Defendants' Second Motion to Dismiss in its entirety.  Defendants may later attempt to move for summary judgment if justified regarding the allegations to which they take exception.  In the alternative, Plaintiff respectfully requests that Plaintiff be allowed to proceed with discovery and replead.

Respectfully submitted,

By:   s/ Joshua A. Petersen
      J.H. Zidell
      State Bar No. 24071840
      Email: zabogado@aol.com
      Robert L. Manteuffel
      State Bar No. 12957529
      Email: rlmanteuffel@sbcglobal.net
      Joshua A. Petersen
      State Bar No. 24085524
      Email: josh.a.petersen@gmail.com

      **J.H. ZIDELL, P.C.**
      6310 LBJ Freeway, Ste. 112
      Dallas, Texas 75240
      Tel:    972-233-2264
      Fax:    972-386-7610

      **ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 27th day of February, 2017.

s/ Joshua A. Petersen
Joshua A. Petersen
Counsel for the Plaintiff(s)