# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. 216 (b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:15-cv-3370-BK |
| | § | |
| SHAN NAMKEEN, INC., | § | |
| SHAILESH PATEL, | § | |
| MANISHA PATEL, | § | |
| and SHIRISH PATEL | § | |
| Defendants. | § | |

## APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff files this Appendix in Support of Plaintiff's Motion to Compel as follows:

| DESCRIPTION | APPENDIX PAGES |
|---|---|
| Defendants Shan Namkeen, Inc. and Shailesh Patel's Responses to Plaintiff's Discovery Requests | 3 – 21 |
| Defendants Manisha Patel and Shirish Patel's Responses to Plaintiff's Discovery Requests | 22 – 57 |
| Trademark Application for "Real Taste of India" filed by Defendants | 58 – 71 |
| Trademark Application for "Shan Namkeen" filed by Defendants | 72 – 85 |
| Excerpts from Deposition of Shailesh Patel, as corporate representative for Defendant Shan Namkeen, Inc. | 86 – 106 |
| Excerpts from Deposition of Shailesh Patel | 107 – 123 |

| Emails to counsel for Defendants sent on August 29, 2017 and September 1, 2017 | 124 – 127 |
|---|---|
| Defendants Shan Namkeen, Inc. and Shailesh Patel's Responses to Plaintiff's Second Request for Production | 128 - 136 |

Respectfully submitted,

By:  s/ Joshua A. Petersen
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of the United States District Court for the Northern District of Texas, Dallas Division this 27th day of September, 2017.

s/ Joshua A. Petersen
Joshua A. Petersen
Counsel for the Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others | § | |
| similarly situated under 29 U.S.C. | § | |
| § 216(b), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 3:15-cv-03370-BK |
| | § | |
| SHAN NAMKEEN, INC. and | § | |
| SHAILESH PATEL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240.

Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,


By:  /s/ Ryan K. McComber
        Timothy A. Daniels
        Texas Bar No. 05375190
        timothy.daniels@figdav.com
        Ryan K. McComber
        Texas Bar No. 24041428
        ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served via e-mail to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 8, 2016.



/s/ Ryan K. McComber
Ryan K. McComber

## OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

**Answer:**

Defendants object to this interrogatory on the grounds that it seeks information that is personal and confidential, particularly the Social Security number. Subject to the foregoing objections, without waiving same, Defendants state that Shailesh Patel provided information to respond to these interrogatories, and Defendants' attorneys drafted the responses.

**Interrogatory No. 2:**

Please state what each Plaintiff's wages were during his/her entire employment period with you. Include what his/her hourly wage was, what his/her overtime wage was (if any), any and all bonuses that he/she received during his/her entire employment period with you.

**Answer:**

Defendants agree to produce documents which will provide the information requested by Plaintiff.

**Interrogatory No. 3:**

Please list all witnesses' names, last known addresses, and last known phone numbers who are likely to have any knowledge of the hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for his/her work while employed by you.

**Answer:**

Shailesh Patel has knowledge of the hours worked and wages paid to Plaintiff while he was employed by SNI, and he may be contacted through Defendants' attorneys.

**Interrogatory No. 4:**

Please state the name, last known address, and last known phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

**Answer:**

Jalal Hyder
Financial Performance, LLC
1008 Stonewell St., Suite C
Garland, TX 75043
972-840-0151

**Interrogatory No. 5:**

Please state with specificity each and all defenses and/or avoidances that you are raising in this case, including but not limited to Affirmative Defenses and Exemptions, and the basis for each.

**Answer:**

Defendants refer Plaintiff to Defendants' amended answer which includes the affirmative defenses asserted.  In addition, Defendants state that Plaintiff was paid all wages he was due, including any wages for overtime he worked while employed by SNI.

**Interrogatory No. 6:**

Please state the name, last known address, contact person and last known telephone number of all of Defendants' suppliers in 2010, 2011, 2012, 2013, 2014, and 2015 used by Defendants and/or their employees (including Plaintiff) during the relevant period. In your answer describe what was supplied.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

**Interrogatory No. 7:**

If you contend that there is no FLSA coverage (enterprise and/or individual coverage) in the instant case, explain why you believe the necessary interstate commerce and/or $500,000 monetary threshold are not met. In your answer, answer separately in response to enterprise and individual coverage, and address 2010, 2011, 2012, 2013, 2014, and 2015.

**Answer:**

Defendants state that SNI did not meet the $500,000 monetary threshold for the years 2010 through 2014.  With respect to 2015, SNI has not yet filed a tax return for that year, and therefore

---

is unsure if it would meet the $500,000 threshold for 2015.  With respect to interstate commerce, SNI sells none of its products outside the State of Texas, and purchases the supplies for its products from Texas companies.

**Interrogatory No. 8:**

Please list the names and contact information of all persons who were employees of Defendants during the time that Plaintiff was employed by Defendants including but not limited to: last known phone numbers, last known email address, social media contact information, and last known physical address.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.  Subject to the foregoing objections, without waiving same, Defendants agree to produce documents which indentify such employees to the extent Defendants have the requested information.

**Interrogatory No. 9:**

If you contend that Defendants did not employ Plaintiff during any portion of the employment period described in the Complaint filed in this case, whom do you contend did employ Plaintiff during that portion of the employment period?

**Answer:**

Defendants will produce documents which show the time period Plaintiff was employed by SNI, but has no knowledge of any other employment by Plaintiff.

**Interrogatory No. 10:**

List each product used or handled by any of your employees during the employment period described in the Complaint filed in this case.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

**Interrogatory No. 11:**

For each product listed in your answer to Interrogatory 10, provide the name, address and telephone number of the manufacturer.

**Answer:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

**Interrogatory No. 12:**

Please state the name, last known address, contact person and last known telephone number of all persons and entities that provided security systems or security services at the Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**Answer:**

Defendant has no responsive information.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others | § | |
| similarly situated under 29 U.S.C. | § | |
| § 216(b), | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:15-cv-03370-BK |
| | § | |
| SHAN NAMKEEN, INC. and | § | |
| SHAILESH PATEL, | § | |
| | § | |
|    Defendants. | § | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

TO:   Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

     Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants") serve their objections and responses to Plaintiff's First Request for Production.

Respectfully submitted,


By:  /s/ Ryan K. McComber

        Timothy A. Daniels
        Texas Bar No. 05375190
        timothy.daniels@figdav.com
        Ryan K. McComber
        Texas Bar No. 24041428
        ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via e-mail to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 8, 2016.


/s/ Ryan K. McComber
Ryan K. McComber

<u>OBJECTIONS AND RESPONSES</u>

**REQUEST FOR PRODUCTION NO. 1:**

A copy of the Corporate Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**<u>RESPONSE:</u>**

SNI objects to this request on the grounds that it seeks documents that are confidential, private, and proprietary.  SNI further objects that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence since it seeks tax returns for years when Plaintiff was not employed by SNI.  Subject to the foregoing objections, and without waving same, subject to the entry of an appropriate agreed protective order, SNI agrees to produce its tax returns for the years 2012 through 2014.  SNI has not yet filed its 2015 tax return, and therefore cannot produce same.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

A copy of the Individual Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**<u>RESPONSE:</u>**

Patel objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

A copy of all documents used by Defendants or their accountant to prepare the Individual Defendant's and Corporate Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**<u>RESPONSE:</u>**

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of all documents in the possession, custody or control of both the Corporate Defendant's and Individual Defendant's accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:**

All of the Individual Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Patel objects to this request on the grounds it seeks information that is personal, confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

All of the Corporate Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Patel objects to this request on the grounds it seeks information that is personal, confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all contracts between Defendants and their clients from the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 8:

A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

## RESPONSE:

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 9:

A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

## RESPONSE:

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

## REQUEST FOR PRODUCTION NO. 10:

All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

## RESPONSE:

SNI agrees to produce responsive documents regarding Plaintiff, and Patel states that he did not make any payments to Plaintiff.

---

**REQUEST FOR PRODUCTION NO. 11:**

All contracts/documents of employment relating to Plaintiff's employment with Defendants.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and/or employment dismissal with Defendants.

**RESPONSE:**

Patel states he has no documents responsive to this request, and SNI agrees to produce documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all employees with names, phone numbers and addresses that Defendants have employed during Plaintiff's entire period of employment with Defendants.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.  Subject to the foregoing objections, without waiving same, Defendants agree to produce documents which indentify such employees to the extent Defendants have the requested information.

**REQUEST FOR PRODUCTION NO. 15:**

All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendants as stated in the complaint.

**RESPONSE:**

SNI agrees to produce documents responsive to this request for the relevant time period, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents identified in any Initial or Supplemental Disclosures made by Defendants in this matter or in Defendants' Responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

**RESPONSE:**

To the extent Defendants identify any documents in response to Interrogatories or Disclosures, they agree to produce them to Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all corporate books and records of the Corporate Defendant and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendant.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of their current or former employees.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime compensation during the relevant time period.

**RESPONSE:**

SNI agrees to produce documents, if any, responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by the Defendants during the relevant time period.

**RESPONSE:**

SNI agrees to produce documents responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents submitted by the Defendants to the United States Department of Labor or the Texas Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendants' employment policies, practices and procedures in effect at any time since January 1, 2004, including any amendments or modifications thereto.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

The complete personnel file of Plaintiff and any and all other documents related to Plaintiff's employment by the Defendants.

**RESPONSE:**

SNI agrees to produce documents, if any, responsive to this request, and Patel states he has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 30:**

The complete personnel file of each and every person who held a position similar to that held by Plaintiff at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 31:**

Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) employed at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 32:**

All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) who worked at the Defendants' facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 33:**

The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

**RESPONSE:**

Defendants have no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendants.

**RESPONSE:**

Defendants have no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 35:**

The complete personnel files of each and every employee terminated by the Defendants at the subject facility during the relevant time period.

**RESPONSE:**

Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).


**REQUEST FOR PRODUCTION NO. 36:**

Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE:**

Defendants have no documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents on which Defendants intend to rely at trial to support their affirmative defense set forth in their Answer to the Complaint.

**RESPONSE:**

Defendants agree to produce documents on which they will rely at trial in compliance with the Scheduling Order entered in the case.


**REQUEST FOR PRODUCTION NO. 38:**

The material safety data sheets, labels, marketing materials and any other documents associated with any of the products identified in your answers to interrogatories in this case.

**RESPONSE:**

Defendants did not identify any products in the response to interrogatories. Nevertheless, Defendants object to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 39:**

Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

**RESPONSE:**

Defendants agree to produce documents, if any, responsive to this request. At the present time, Defendants believe they have no responsive documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting any transaction between you and person or persons regarding the ownership or operation of your business, including but not limited to former and/or subsequent owners of any part of your business, any parties to lease agreements and assignments, and any parties to purchase or sale agreements.

**RESPONSE:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 41:**

All videotapes, security logs, and any other documents associated with any security systems at Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendants have no documents responsive to this request.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others | § | |
| similarly situated under 29 U.S.C. | § | |
| § 216(b), | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:15-cv-03370-BK |
| | § | |
| SHAN NAMKEEN, INC. and | § | |
| SHAILESH PATEL, et al. | § | |
| | § | |
|    Defendants. | § | |

## DEFENDANT MANISHA PATEL'S OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

    Defendant Manisha Patel ("Defendant") serves her objections and answers to Plaintiff's

First Set of Interrogatories. The answers are attached.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via U.S. Mail on counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240 on July 21, 2017.

_____

Timothy A. Daniels

## OBJECTIONS AND ANSWERS

1.   Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it seeks information that is personal and confidential, particularly the Social Security number. Subject to the foregoing objections, without waiving same, Defendant states that she provided information to respond to these interrogatories, and Defendants' attorneys drafted the responses.

2.   Please state what each Plaintiff's wages were during his/her entire employment period with you. Include what his/her hourly wage was, what his/her overtime wage was (if any), any and all bonuses that he/she received during his/her entire employment period with you.

**ANSWERS**:

Defendants have produced documents which will provide the information requested by Plaintiff.

3.   Please list all witnesses' names, last known addresses, and last known phone numbers who are likely to have any knowledge of the hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for his/her work while employed by you.

**ANSWERS**:

Shailesh Patel has knowledge of the hours worked and wages paid to Plaintiff while he was employed by SNI, and he may be contacted through Defendants' attorneys.

4.   Please state the name, last known address, and last known phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

**ANSWERS**:

Jalal Hyder
Financial Performance, LLC
1008 Stonewell St., Suite C
Garland, TX 75043
972-840-0151

---

5.    Please state with specificity each and all defenses and/or avoidances that you are raising in this case, including but not limited to Affirmative Defenses and Exemptions, and the basis for each.

**ANSWERS**:

Defendant refers Plaintiff to Defendants' answer, and any supplements or amendments thereto, which includes the affirmative defenses asserted. In addition, Defendant states that Plaintiff was paid all wages he was due, including any wages for overtime he worked while employed by SNI. *See also* Deposition of Shailesh Patel.

6.    Please state the name, last known address, contact person and last known telephone number of all of Defendants' suppliers in 2010, 2011, 2012, 2013, 2014, and 2015 used by Defendants and/or their employees (including Plaintiff) during the relevant period. In your answer describe what was supplied.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

7.    If you contend that there is no FLSA coverage (enterprise and/or individual coverage) in the instant case, explain why you believe the necessary interstate commerce and/or $500,000 monetary threshold are not met. In your answer, answer separately in response to enterprise and individual coverage, and address 2010, 2011, 2012, 2013, 2014, and 2015.

**ANSWERS**:

Defendant states that SNI did not meet the $500,000 monetary threshold for the years 2010 through 2015. With respect to interstate commerce, SNI sells none of its products outside the State of Texas, and purchases the supplies for its products from Texas companies.

8.    Please list the names and contact information of all persons who were employees of Defendants during the time that Plaintiff was employed by Defendants including but not limited to: last known phone numbers, last known email address, social media contact information, and last known physical address.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to

---

lead to the discovery of relevant or admissible evidence. Subject to the foregoing objections, without waiving same, Defendants have produced documents which indentify such employees to the extent Defendants have the requested information.

9.    If you contend that Defendants did not employ Plaintiff during any portion of the employment period described in the Complaint filed in this case, whom do you contend did employ Plaintiff during that portion of the employment period?

**ANSWERS**:

Defendants have produced documents which show the time period Plaintiff was employed by SNI, but she has no knowledge of any other employment by Plaintiff.

10.    List each product used or handled by any of your employees during the employment period described in the Complaint filed in this case.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence. *See also* Deposition of Shailesh Patel.

11.    For each product listed in your answer to Interrogatory 10, provide the name, address and telephone number of the manufacturer.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

12.    Please state the name, last known address, contact person and last known telephone number of all persons and entities that provided security systems or security services at the Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**ANSWERS**:

Defendant has no responsive information.

## VERIFICATION

STATE OF _____          §
                           §
COUNTY OF _____        §


BEFORE ME, the undersigned notary public, on this day personally appeared Manisha Patel, who, being by me duly sworn on her oath, deposed and said that she has read the above and foregoing answers to interrogatories; and that the facts contained therein are within her personal knowledge and are true and correct.


_____
Manisha Patel


SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and official seal.


_____
Notary Public, State of _____
My Commission expires:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others<br>similarly situated under 29 U.S.C.<br>§ 216(b),<br><br>   Plaintiff,<br><br>v.<br><br>SHAN NAMKEEN, INC. and<br>SHAILESH PATEL, et al.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:15-cv-03370-BK |

## DEFENDANT MANISHA PATEL'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel,
        J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

      Defendant Manisha Patel ("Defendant") serves her objections and responses to Plaintiff's

First Request for Production. The responses are attached.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via U.S. Mail on counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240 on July 21, 2017.

_____
Timothy A. Daniels

## OBJECTIONS AND RESPONSES

1.    A copy of the Corporate Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks documents that are confidential, private, and proprietary.  Defendant further objects that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence since it seeks tax returns for years when Plaintiff was not employed by SNI.  Subject to the foregoing objections, and without waving same, subject to the agreed protective order, SNI has previously produced its tax returns for the years 2012 through 2015.

2.    A copy of the Individual Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

3.    A copy of all documents used by Defendants or their accountant to prepare the Individual Defendant's and Corporate Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.    A copy of all documents in the possession, custody or control of both the Corporate Defendant's and Individual Defendant's accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

5.    All of the Individual Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

6.    All of the Corporate Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

7.    A copy of all contracts between Defendants and their clients from the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

8.    A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE**:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

9.    A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any receipts with respect to money that was received by

---

Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE**:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

10. All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

**RESPONSE**:

SNI has produced responsive documents regarding Plaintiff, and Defendant states that she did not make any payments to Plaintiff.

11. All contracts/documents of employment relating to Plaintiff's employment with Defendants.

**RESPONSE**:

SNI has produced documents responsive to this request, and Defendant states she has no documents responsive to this request.

12. All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

**RESPONSE**:

SNI has produced documents responsive to this request, and Defendant states she has no documents responsive to this request.

13. All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants.

**RESPONSE**:

SNI has produced documents responsive to this request, and Defendant states she has no documents responsive to this request.

14.    A list of all employees with names, phone numbers and addresses that Defendants have employed during Plaintiff's entire period of employment with Defendants.

**RESPONSE**:

Defendant object to this request on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence. Subject to the foregoing objections, without waiving same, SNI has agreed to produce documents which indentify such employees to the extent SNI has the requested information.

15.    All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendants as stated in the complaint.

**RESPONSE**:

SNI has produced documents responsive to this request for the relevant time period, and Defendant states she has no documents responsive to this request.

16.    Any and all documents identified in any Initial or Supplemental Disclosures made by Defendants in this matter or in Defendants' Responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

**RESPONSE**:

To the extent Defendant identifies any documents in response to Interrogatories or Disclosures, she agrees to produce them to Plaintiff.

17.    Any and all corporate books and records of the Corporate Defendant and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendant.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

18.    Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**RESPONSE**:

Defendant has no responsive documents.

19.  Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of their current or former employees.

**RESPONSE**:

Defendant has no responsive documents.

20.  Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime compensation during the relevant time period.

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states she has no documents responsive to this request.

21.  Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

22.  Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states she has no documents responsive to this request.

23.  All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by the Defendants during the relevant time period.

---

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states she has no documents responsive to this request.

24.    Any and all documents submitted by the Defendants to the United States Department of Labor or the Texas Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

25.    Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

26.    Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

27.    Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendants' employment policies, practices and procedures in effect at any time since January 1, 2004, including any amendments or modifications thereto.

**RESPONSE**:

Defendant has no responsive documents.

28.    The complete personnel file of Plaintiff and any and all other documents related to Plaintiff's employment by the Defendants.

**RESPONSE**:

Defendant has no responsive documents.


29.    The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).


30.    The complete personnel file of each and every person who held a position similar to that held by Plaintiff at the Defendants' facility during the relevant time period

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).


31.    Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) employed at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).


32.    All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) who worked at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

33.   The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

**RESPONSE**:

Defendant has no responsive documents.

34.   The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendants.

**RESPONSE**:

Defendant has no responsive documents.

35.   The complete personnel files of each and every employee terminated by the Defendants at the subject facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

36.   Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE**:

Defendant has no responsive documents.

37.   Any and all documents on which Defendants intend to rely at trial to support their

affirmative defense set forth in their Answer to the Complaint.

**RESPONSE**:

Defendant agrees to produce documents on which she will rely at trial in compliance with the Scheduling Order entered in the case.

38.     The material safety data sheets, labels, marketing materials and any other documents associated with any of the products identified in your answers to interrogatories in this case.

**RESPONSE**:

Defendant did not identify any products in the response to interrogatories.   Nevertheless, Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

39.     Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

**RESPONSE**:

Defendant has no responsive documents.

40.     All documents reflecting any transaction between you and person or persons regarding the ownership or operation of your business, including but not limited to former and/or subsequent owners of any part of your business, any parties to lease agreements and assignments, and any parties to purchase or sale agreements.

**RESPONSE**:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

41.     All videotapes, security logs, and any other documents associated with any security systems at Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendant has no responsive documents.

42.     All documents reflecting any communications between any of the Defendants and any person concerning Shan Namkeen, Inc. or any of the other Defendants engaging in interstate commerce.

**RESPONSE:**

Defendant has no responsive documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b),<br><br>   Plaintiff,<br><br>v.<br><br>SHAN NAMKEEN, INC. and SHAILESH PATEL, et al.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:15-cv-03370-BK |

## DEFENDANT SHIRISH PATEL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Defendant Shirish Patel ("Defendant") serves his objections and answers to Plaintiff's

First Set of Interrogatories. The answers are attached.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via U.S. Mail on counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX  75240 on July 21, 2017.

_____

Timothy A. Daniels

## OBJECTIONS AND ANSWERS

1.    Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

### ANSWERS:

Defendant objects to this interrogatory on the grounds that it seeks information that is personal and confidential, particularly the Social Security number. Subject to the foregoing objections, without waiving same, Defendant state that he provided information to respond to these interrogatories, and Defendants' attorneys drafted the responses.

2.    Please state what each Plaintiff's wages were during his/her entire employment period with you. Include what his/her hourly wage was, what his/her overtime wage was (if any), any and all bonuses that he/she received during his/her entire employment period with you.

### ANSWERS:

Defendants have produced documents which will provide the information requested by Plaintiff.

3.    Please list all witnesses' names, last known addresses, and last known phone numbers who are likely to have any knowledge of the hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for his/her work while employed by you.

### ANSWERS:

Shailesh Patel has knowledge of the hours worked and wages paid to Plaintiff while he was employed by SNI, and he may be contacted through Defendants' attorneys.

4.    Please state the name, last known address, and last known phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

### ANSWERS:

Jalal Hyder
Financial Performance, LLC
1008 Stonewell St., Suite C
Garland, TX 75043
972-840-0151

---

5.      Please state with specificity each and all defenses and/or avoidances that you are raising
        in this case, including but not limited to Affirmative Defenses and Exemptions, and the
        basis for each.

**ANSWERS**:

Defendant refers Plaintiff to Defendants' answer, and any amendments or supplements thereto,
which includes the affirmative defenses asserted.  In addition, Defendant states that Plaintiff was
paid all wages he was due, including any wages for overtime he worked while employed by SNI.
*See also* Deposition of Shailesh Patel.

6.      Please state the name, last known address, contact person and last known telephone
        number of all of Defendants' suppliers in 2010, 2011, 2012, 2013, 2014, and 2015 used
        by Defendants and/or their employees (including Plaintiff) during the relevant period.  In
        your answer describe what was supplied.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome,
and seeks information which is neither relevant nor calculated to lead to the discovery of relevant
or admissible evidence.

7.      If you contend that there is no FLSA coverage (enterprise and/or individual coverage) in
        the instant case, explain why you believe the necessary interstate commerce and/or
        $500,000 monetary threshold are not met.  In your answer, answer separately in response
        to enterprise and individual coverage, and address 2010, 2011, 2012, 2013, 2014, and
        2015.

**ANSWERS**:

Defendant states that SNI did not meet the $500,000 monetary threshold for the years 2010
through 2015.  With respect to interstate commerce, SNI sells none of its products outside the
State of Texas, and purchases the supplies for its products from Texas companies.

8.      Please list the names and contact information of all persons who were employees of
        Defendants during the time that Plaintiff was employed by Defendants including but not
        limited to: last known phone numbers, last known email address, social media contact
        information, and last known physical address.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, seeks information that
is personal and confidential, and seeks information which is neither relevant nor calculated to

lead to the discovery of relevant or admissible evidence. Subject to the foregoing objections, without waiving same, Defendants have produced documents which indentify such employees to the extent Defendants have the requested information.

9.      If you contend that Defendants did not employ Plaintiff during any portion of the employment period described in the Complaint filed in this case, whom do you contend did employ Plaintiff during that portion of the employment period?

**ANSWERS**:

Defendants have produced documents which show the time period Plaintiff was employed by SNI, but have no knowledge of any other employment by Plaintiff.

10.     List each product used or handled by any of your employees during the employment period described in the Complaint filed in this case.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence. *See also* Deposition of Shailesh Patel.

11.     For each product listed in your answer to Interrogatory 10, provide the name, address and telephone number of the manufacturer.

**ANSWERS**:

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence.

12.     Please state the name, last known address, contact person and last known telephone number of all persons and entities that provided security systems or security services at the Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**ANSWERS**:

Defendant has no responsive information.

## VERIFICATION

STATE OF _____          §
                           §
COUNTY OF _____        §

BEFORE ME, the undersigned notary public, on this day personally appeared Shirish Patel, who, being by me duly sworn on his oath, deposed and said that he has read the above and foregoing answers to interrogatories; and that the facts contained therein are within his personal knowledge and are true and correct.

_____
Shirish Patel

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and official seal.

_____
Notary Public, State of _____
My Commission expires:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 3:15-cv-03370-BK |
| SHAN NAMKEEN, INC. and SHAILESH PATEL, et al. | § § § | |
| Defendants. | § § | |

## DEFENDANT SHIRISH PATEL'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:     Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Defendant Shirish Patel ("Defendant") serves his objections and responses to Plaintiff's

First Request for Production. The responses are attached.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served via U.S. Mail on counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240 on July 21, 2017.

_____
Timothy A. Daniels

## OBJECTIONS AND RESPONSES

1.      A copy of the Corporate Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks documents that are confidential, private, and proprietary.  Defendant further objects that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence since it seeks tax returns for years when Plaintiff was not employed by SNI.  Subject to the foregoing objections, and without waving same, subject to the agreed protective order, SNI has previously produced its tax returns for the years 2012 through 2015.

2.      A copy of the Individual Defendant's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

3.      A copy of all documents used by Defendants or their accountant to prepare the Individual Defendant's and Corporate Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

4.      A copy of all documents in the possession, custody or control of both the Corporate Defendant's and Individual Defendant's accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

5.     All of the Individual Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

6.     All of the Corporate Defendant's bank statements from any and all banks the Defendant has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

7.     A copy of all contracts between Defendants and their clients from the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

8.     A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE**:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

9.     A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2010, 2011, 2012, 2013, 2014, and 2015.

---

This request includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

10.     All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

**RESPONSE:**

SNI has produced responsive documents regarding Plaintiff, and Defendant states that he did not make any payments to Plaintiff.

11.     All contracts/documents of employment relating to Plaintiff's employment with Defendants.

**RESPONSE:**

SNI has produced documents responsive to this request, and Defendant states he has no documents responsive to this request.

12.     All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

**RESPONSE:**

SNI has produced documents responsive to this request, and Defendant states he has no documents responsive to this request.

13.     All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants.

**RESPONSE**:

SNI has produced documents responsive to this request, and Defendant states he has no documents responsive to this request.

14.    A list of all employees with names, phone numbers and addresses that Defendants have employed during Plaintiff's entire period of employment with Defendants.

**RESPONSE**:

Defendant object to this request on the grounds that it is overbroad, seeks information that is personal and confidential, and seeks information which is neither relevant nor calculated to lead to the discovery of relevant or admissible evidence. Subject to the foregoing objections, without waiving same, SNI has agreed to produce documents which indentify such employees to the extent SNI has the requested information.

15.    All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendants as stated in the complaint.

**RESPONSE**:

SNI has produced documents responsive to this request for the relevant time period, and Defendant states he has no documents responsive to this request.

16.    Any and all documents identified in any Initial or Supplemental Disclosures made by Defendants in this matter or in Defendants' Responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

**RESPONSE**:

To the extent Defendant identifies any documents in response to Interrogatories or Disclosures, he agrees to produce them to Plaintiff.

17.    Any and all corporate books and records of the Corporate Defendant and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendant.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks information that is personal and confidential, and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence.

---

18.     Any and all wage claims and/or wage-hour complaints filed by any of Defendants'
        former or current employees for alleged violations of the federal and/or state wage-hour
        statutes.

**RESPONSE**:

Defendant has no responsive documents.

19.     Any and all settlement agreements, investigative reports, court orders, correspondence or
        other documents related to the disposition of any and all wage claims and/or wage-hour
        complaints filed against the Defendants by any of their current or former employees.

**RESPONSE**:

Defendant has no responsive documents.

20.     Any and all documents, which depict, embody or otherwise reflect the Defendants'
        policies, practices, and procedures related to its payment of overtime compensation
        during the relevant time period.

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states he has no
documents responsive to this request.

21.     Any and all documents, which depict, embody or otherwise reflect the Defendants'
        policies, practices and procedures related to its grant of vacation time and/or the payment
        of accrued but unused vacation pay to employees during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

22.     Any and all time cards, time and attendance sheets and other documents which indicate
        or reflect the hours worked by Plaintiff during the course of his/her employment by the
        Defendant.

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states he has no
documents responsive to this request.

23.   All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by the Defendants during the relevant time period.

**RESPONSE**:

SNI has agreed to produce responsive to this request, if any, and Defendant states he has no documents responsive to this request.

24.   Any and all documents submitted by the Defendants to the United States Department of Labor or the Texas Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

25.   Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

26.   Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendants' wage-hour practices during the relevant time period.

**RESPONSE**:

Defendant has no responsive documents.

27.   Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendants' employment policies, practices and procedures in effect at any time since January 1, 2004, including any amendments or modifications thereto.

**RESPONSE**:

Defendant has no responsive documents.

28.	The complete personnel file of Plaintiff and any and all other documents related to Plaintiff's employment by the Defendants.

**RESPONSE**:

Defendant has no responsive documents.

29.	The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

30.	The complete personnel file of each and every person who held a position similar to that held by Plaintiff at the Defendants' facility during the relevant time period

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

31.	Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) employed at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

32.	All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors (not including the Plaintiff if Defendants contend that Plaintiff was a supervisor) who worked at the Defendants' facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

33.    The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

**RESPONSE**:

Defendant has no responsive documents.

34.    The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendants.

**RESPONSE**:

Defendant has no responsive documents.

35.    The complete personnel files of each and every employee terminated by the Defendants at the subject facility during the relevant time period.

**RESPONSE**:

Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

36.    Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his/her employment by the Defendant.

**RESPONSE**:

Defendant has no responsive documents.

37.    Any and all documents on which Defendants intend to rely at trial to support their

---

affirmative defense set forth in their Answer to the Complaint.

**RESPONSE**:

Defendant agrees to produce documents on which he will rely at trial in compliance with the Scheduling Order entered in the case.

38.   The material safety data sheets, labels, marketing materials and any other documents associated with any of the products identified in your answers to interrogatories in this case.

**RESPONSE**:

Defendant did not identify any products in the response to interrogatories.   Nevertheless, Defendant objects to this request on the grounds that it seeks personal and confidential information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relative or admissible evidence, and in any case, seeks discovery that is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

39.   Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

**RESPONSE**:

Defendant has no responsive documents.

40.   All documents reflecting any transaction between you and person or persons regarding the ownership or operation of your business, including but not limited to former and/or subsequent owners of any part of your business, any parties to lease agreements and assignments, and any parties to purchase or sale agreements.

**RESPONSE**:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and in any case, the discovery sought is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26(b)(1).

41.   All videotapes, security logs, and any other documents associated with any security systems at Defendants' facilities or any other location that the Plaintiff worked for Defendants for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:**

Defendant has no responsive documents.

42.    All documents reflecting any communications between any of the Defendants and any person concerning Shan Namkeen, Inc. or any of the other Defendants engaging in interstate commerce.

**RESPONSE:**

Defendant has no responsive documents.

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87320535**
**Filing Date: 02/01/2017**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87320535 |
| **MARK INFORMATION** | |
| *MARK | REAL TASTE OF INDIA |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | REAL TASTE OF INDIA |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Shan Namkeen, Inc. |
| *STREET | 2731 National Circle, Suite #101 |
| *CITY | Garland |
| *STATE (Required for U.S. applicants) | Texas |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 75041 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | Texas |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 029 |
| *IDENTIFICATION | Bean-based snack foods |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/01/2005 |
| FIRST USE IN COMMERCE DATE | At least as early as 11/01/2005 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT |

| | |
|---|---|
| | 17\873\205\87320535\xml1\ APP0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0007.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0008.JPG |
| SPECIMEN DESCRIPTION | pictures of products |
| INTERNATIONAL CLASS | 030 |
| *IDENTIFICATION | Wheat-based snack foods |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/01/2005 |
| FIRST USE IN COMMERCE DATE | At least as early as 11/01/2005 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0009.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320535\xml1\ APP0010.JPG |
| SPECIMEN DESCRIPTION | picture of products |
| **ATTORNEY INFORMATION** | |
| NAME | Kelly J. Kubasta |
| ATTORNEY DOCKET NUMBER | 9239.003 |
| FIRM NAME | Ferguson Braswell Fraser Kubasta PC |
| INTERNAL ADDRESS | Suite 600 |
| STREET | 2500 Dallas Parkway |
| CITY | Plano |
| STATE | Texas |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 75093 |
| PHONE | 972-378-9111 |
| FAX | 972-378-9115 |
| EMAIL ADDRESS | ipdocketing@dallasbusinesslaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Soumit Roy and Liza Dahm and John Cone and Felicia Traub |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Kelly J. Kubasta |
| FIRM NAME | Ferguson Braswell Fraser Kubasta PC |
| INTERNAL ADDRESS | Suite 600 |
| STREET | 2500 Dallas Parkway |
| CITY | Plano |

| | |
|---|---|
| **STATE** | Texas |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 75093 |
| **PHONE** | 972-378-9111 |
| **FAX** | 972-378-9115 |
| **EMAIL ADDRESS** | ipdocketing@dallasbusinesslaw.com; lhartley@dallasbusinesslaw.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | Regular TEAS |
| **NUMBER OF CLASSES** | 2 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 400 |
| *****TOTAL FEE DUE** | 800 |
| *****TOTAL FEE PAID** | 800 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Shailesh Patel/ |
| **SIGNATORY'S NAME** | Shailesh Patel |
| **SIGNATORY'S POSITION** | CEO |
| **DATE SIGNED** | 01/31/2017 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87320535**
**Filing Date: 02/01/2017**

## To the Commissioner for Trademarks:

**MARK:** REAL TASTE OF INDIA (Standard Characters, see mark)
The literal element of the mark consists of REAL TASTE OF INDIA.
The mark consists of standard characters, without claim to any particular font style, size, or color.

The applicant, Shan Namkeen, Inc., a corporation of Texas, having an address of
   2731 National Circle, Suite #101
   Garland, Texas 75041
   United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

   International Class 029:  Bean-based snack foods

In International Class 029, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/01/2005, and first used in commerce at least as early as 11/01/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) pictures of products.
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6

   International Class 030:  Wheat-based snack foods

In International Class 030, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/01/2005, and first used in commerce at least as early as 11/01/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) picture of products.
Specimen File1
Specimen File2

The applicant's current Attorney Information:
   Kelly J. Kubasta and Soumit Roy and Liza Dahm and John Cone and Felicia Traub of Ferguson Braswell Fraser Kubasta PC
   Suite 600
   2500 Dallas Parkway
   Plano, Texas 75093
   United States
   972-378-9111(phone)
   972-378-9115(fax)
   ipdocketing@dallasbusinesslaw.com (authorized)
The attorney docket/reference number is 9239.003.
The applicant's current Correspondence Information:
   Kelly J. Kubasta

   Ferguson Braswell Fraser Kubasta PC

Suite 600

2500 Dallas Parkway

Plano, Texas 75093

972-378-9111(phone)

972-378-9115(fax)

ipdocketing@dallasbusinesslaw.com;lhartley@dallasbusinesslaw.com (authorized)

A fee payment in the amount of $800 has been submitted with the application, representing payment for 2 class(es).

**Declaration**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Shailesh Patel/   Date: 01/31/2017

Signatory's Name: Shailesh Patel

Signatory's Position: CEO

Payment Sale Number: 87320535

Payment Accounting Date: 02/01/2017

Serial Number: 87320535

Internet Transmission Date: Wed Feb 01 12:09:49 EST 2017

TEAS Stamp: USPTO/BAS-XX.XXX.XX.XXX-2017020112094983

0401-87320535-580c5d8b63055ebe7d5ae56854

e71d852d5601127a9691b40cdb8ac7466f23-CC-

8943-20170127181643606325

# REAL TASTE OF INDIA













App. 069





Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87320527**
**Filing Date: 02/01/2017**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87320527 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320527\xml1\ APP0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of words SHAN NAMKEEN with picture of boy surrounded by oval shape. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 351 x 263 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Shan Namkeen, Inc. |
| *STREET | 2731 National Circle, Suite #101 |
| *CITY | Garland |
| *STATE (Required for U.S. applicants) | Texas |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 75041 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | Texas |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 029 |
| *IDENTIFICATION | Bean-based snack foods |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/01/2005 |
| FIRST USE IN COMMERCE DATE | At least as early as 11/01/2005 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\873\205\87320527\xml1\ APP0003.JPG |

| | |
|---|---|
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0007.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0008.JPG |
| SPECIMEN DESCRIPTION | pictures of products |
| INTERNATIONAL CLASS | 030 |
| *IDENTIFICATION | Wheat-based snack foods |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/01/2005 |
| FIRST USE IN COMMERCE DATE | At least as early as 11/01/2005 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0009.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\205\87320527\xml1\ APP0010.JPG |
| SPECIMEN DESCRIPTION | pictures of products |
| **ATTORNEY INFORMATION** | |
| NAME | Kelly J. Kubasta |
| ATTORNEY DOCKET NUMBER | 9239.002 |
| FIRM NAME | Ferguson Braswell Fraser Kubasta PC |
| INTERNAL ADDRESS | Suite 600 |
| STREET | 2500 Dallas Parkway |
| CITY | Plano |
| STATE | Texas |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 75093 |
| PHONE | 972-378-9111 |
| FAX | 972-378-9115 |
| EMAIL ADDRESS | ipdocketing@dallasbusinesslaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Soumit Roy and Liza Dahm and John Cone and Felicia Traub |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Kelly J. Kubasta |
| FIRM NAME | Ferguson Braswell Fraser Kubasta PC |
| INTERNAL ADDRESS | Suite 600 |

| | |
|---|---|
| **STREET** | 2500 Dallas Parkway |
| **CITY** | Plano |
| **STATE** | Texas |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 75093 |
| **PHONE** | 972-378-9111 |
| **FAX** | 972-378-9115 |
| **EMAIL ADDRESS** | ipdocketing@dallasbusinesslaw.com; lhartley@dallasbusinesslaw.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | Regular TEAS |
| **NUMBER OF CLASSES** | 2 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 400 |
| \***TOTAL FEE DUE** | 800 |
| \***TOTAL FEE PAID** | 800 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Shailesh Patel/ |
| **SIGNATORY'S NAME** | Shailesh Patel |
| **SIGNATORY'S POSITION** | CEO |
| **DATE SIGNED** | 01/31/2017 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87320527**
**Filing Date: 02/01/2017**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The applicant is not claiming color as a feature of the mark. The mark consists of words SHAN NAMKEEN with picture of boy surrounded by oval shape.
The applicant, Shan Namkeen, Inc., a corporation of Texas, having an address of
    2731 National Circle, Suite #101
    Garland, Texas 75041
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 029:  Bean-based snack foods

In International Class 029, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/01/2005, and first used in commerce at least as early as 11/01/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) pictures of products.
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6

    International Class 030:  Wheat-based snack foods

In International Class 030, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/01/2005, and first used in commerce at least as early as 11/01/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) pictures of products.
Specimen File1
Specimen File2

The applicant's current Attorney Information:
    Kelly J. Kubasta and Soumit Roy and Liza Dahm and John Cone and Felicia Traub of Ferguson Braswell Fraser Kubasta PC
    Suite 600
    2500 Dallas Parkway
    Plano, Texas 75093
    United States
    972-378-9111(phone)
    972-378-9115(fax)
    ipdocketing@dallasbusinesslaw.com (authorized)
The attorney docket/reference number is 9239.002.

The applicant's current Correspondence Information:
    Kelly J. Kubasta

Ferguson Braswell Fraser Kubasta PC

Suite 600

2500 Dallas Parkway

Plano, Texas 75093

972-378-9111(phone)

972-378-9115(fax)

ipdocketing@dallasbusinesslaw.com;lhartley@dallasbusinesslaw.com (authorized)

A fee payment in the amount of $800 has been submitted with the application, representing payment for 2 class(es).

**Declaration**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Shailesh Patel/   Date: 01/31/2017
Signatory's Name: Shailesh Patel
Signatory's Position: CEO
Payment Sale Number: 87320527
Payment Accounting Date: 02/01/2017

Serial Number: 87320527
Internet Transmission Date: Wed Feb 01 12:05:17 EST 2017
TEAS Stamp: USPTO/BAS-XXX.XX.XXX.XXX-201702011205176
01158-87320527-5808a255efc236bd28cd9235d
8b1340b6b0fcd3e5f013634ce69be70a234d639b
-CC-8873-20170130104215931432

















Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMAS RODRIGUEZ, and all        §
others similarly situated       §
under 29 U.S.C. 216(b),         §
Plaintiff,                      §
                                §        Cause No.:
VS.                             §        3:15-cv-3370-BK
                                §
SHAN NAMKEEN, INC.,             §
SHAILESH PATEL, MANISHA         §
PATEL, and SHIRISH PATEL,       §
Defendants.                     §
          ----------------------------------

ORAL DEPOSITION OF
SHAILESH D. PATEL, AS 30(b)(6)
REPRESENTATIVE OF SHAN NAMKEEN, INC.,

JULY 6, 2017

VOLUME 1 OF 1

----------------------------------

ORAL DEPOSITION OF SHAILESH D. PATEL, AS 30(b)(6)

REPRESENTATIVE OF SHAN NAMKEEN, INC., produced as a

witness at the instance of the Plaintiff, and duly

sworn, was taken in the above-styled and numbered cause

on July 6, 2017, from 9:28 a.m. to 12:33 p.m., before

April R. Brunson, CSR in and for the State of Texas,

reported by machine shorthand, at the law offices of

Figari & Davenport, 3400 Bank of America Plaza, 901 Main

Street, Dallas, Texas, pursuant to the Federal Rules of

Civil Procedure and the provisions stated on the record

or attached hereto.

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 2

1              A P P E A R A N C E S

2

3    FOR THE PLAINTIFF:

4         Mr. Robert L. Manteuffel
          Mr. Joshua A. Petersen
5         J.H. ZIDELL, P.C.
          6310 LBJ Freeway, Suite 112
6         Dallas, Texas  75240
          972.233.2264
7         972.386.7610  (Fax)
          rlmanteuffel@sbcglobal.net
8         josh.a.petersen@gmail.com

9

10

     FOR THE DEFENDANTS:
11
          Mr. Ryan K. McComber
12        FIGARI & DAVENPORT
          3400 Bank of America Plaza
13        901 Main Street
          Dallas, Texas  75202-3796
14        214.939.2071
          214.939.2090  (Fax)
15        ryan.mccomber@figdav.com

16

17

18   ALSO PRESENT:
          Mr. Shirish Patel - Defendant
19        Mr. Leonard Margolis - General Counsel for Defendant
                          Shan Namkeen, Inc.
20

21

22

23

24

25

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 3

1                          I N D E X

2                                                      PAGE

3    Appearances........................................2

4
     Exhibit List.......................................4
5

6    Stipulations.......................................5

7
     THE WITNESS:  SHAILESH D. PATEL, 30(b)(6)
8         Examination by Mr. Manteuffel...................5
          Examination by Mr. McComber....................111
9         Further Examination by Mr. Manteuffel..........112

10
     Signature and Changes.............................116
11

12   Reporter's Certificate............................118

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

1                          E X H I B I T S

2     NO.   DESCRIPTION                              PAGE

3     1     Amended Notice of Depositions            8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 5

1               P  R  O  C  E  E  D  I  N  G  S

2                     SHAILESH D. PATEL,

3    having been first duly sworn, testified as follows:

4                        EXAMINATION

5    BY MR. MANTEUFFEL:

6        **Q.   Good morning, sir.  Could you please state**

7    **your full name for the record?**

8        A.   Shailesh D. Patel.

9                MR. McCOMBER:  And, Bob, I don't mean to

10   interrupt you, but I want to give you things he brought

11   here today on the record.  The 2015 tax return

12   Bates-labeled SNI195, that I want to give you a copy of

13   and then serve some objections.  He's designated on the

14   topics you gave, but there's an objection to producing

15   documents that weren't yet due yet.

16               MR. MANTEUFFEL:  Okay.

17               MR. McCOMBER:  But I've designated him on

18   the topics.

19               And then, if you don't mind, he would

20   like an opportunity to read and sign on the record.

21               MR. MANTEUFFEL:  That would be fine.  I

22   was going to ask that very question.

23               MR. McCOMBER:  Perfect.

24               And I can get extra copies if you want to

25   use those as exhibits.

Page 48

1    Q.   Okay.  Was there anybody else there?

2    A.   No.

3    Q.   Okay.  So after that conversation, what

4 happened next, in terms of Mr. Rodriguez eventually

5 working for the company?

6    A.   I hired him.  Come like two days or three days

7 in the beginning.

8    Q.   Okay.  So when you hired him, was that in

9 Garland?

10   A.   Yes.

11   Q.   I think I understand what you're saying.  When

12 you first hired him, then he was supposed to work two to

13 three days a week.  Is that accurate?

14   A.   Yes.

15   Q.   And what was he supposed to do?

16   A.   Just a general worker, everything.

17   Q.   So what does a general worker do for Shan

18 Namkeen, Inc.?

19   A.   Cleaning, packaging, quality control.

20   Q.   Okay.  I know that nobody on the jury has been

21 there.  Neither have I.  When you're talking about

22 cleaning, what are you talking about that he's going to

23 be cleaning?

24   A.   It means after production, full production, we

25 need to clean, sanitize very good before we left the

Page 49

station.

Q.   Okay.  Are these -- there are machines that
are involved in the making of this pani puri?

A.   Yes.

Q.   Okay.  So he's going to clean the machines.
And with regard to packaging, then, what was he supposed
to do?

A.   Once after finish the product, deep fry or --
then we need to pack in a container or bags or -- and
put it in a box.

Q.   Okay.

A.   The packaging.

Q.   And the packaging, how would the employees --
how was Mr. Rodriguez supposed to do this?  Did they
have, like, a scoop and do it by hand?  Or is there a
machine?

A.   There's a machine.

Q.   Okay.

A.   They weigh it automatically and then pack in a
bag or plastic container.

Q.   Okay.  So then once the plastic containers and
the bags are full, then what happens next in the
process?

A.   The sealing on the sealing machine.

Q.   Okay.  And then once that's done, what happens

Page 50

1   then?

2       A.   It goes in a corrugated box.

3       **Q.   I think you mentioned he was supposed to work**

4   **in quality control.  What is -- what would he do with**

5   **regard to that?**

6       A.   It's everybody working as a quality control.

7   Some -- some product is not -- not good fry or broken

8   or -- before the packaging, if it is -- the dimension I

9   say is a ball.  Some balls is broken or something, we

10  just throw it away in the garbage and --

11      **Q.   Okay.**

12      A.   -- make sure it's good quality in the package.

13      **Q.   So as I'm envisioning these pani puri, there**

14  **must be some sort of a dough that is made first --**

15      A.   Yes.

16      **Q.   -- before the actual pani puri themselves are**

17  **generated; is that right?**

18      A.   Yes.

19      **Q.   So did Mr. Rodriguez ever have anything to do**

20  **with actually mixing the dough for these things?**

21      A.   No.

22      **Q.   Did you have other employees who were**

23  **responsible for that?**

24      A.   Yes.

25      **Q.   And who were those people?**

Page 55

1    the corrugated box?

2         A.   Uline or PCA.

3         Q.   DCA?

4         A.   I think PCA.

5         Q.   Okay.  And the first one was?

6         A.   P for people.  P.

7         Q.   P?

8         A.   Yeah.

9         Q.   Oh, PCA.  Was there another company, or is

10   that the only place?

11        A.   It's Uline or PCA.

12        Q.   Uline?

13        A.   Yeah.

14        Q.   For Shan Namkeen, Inc., I know when the

15   company first started, it would be pretty small in terms

16   of the volume in material that it produced and the

17   employees that worked there.  Over the years, has the

18   company grown?

19        A.   Yes.

20        Q.   The pani puri that we're talking about, are

21   there different kinds of those or just one kind?

22        A.   The pani puri is one kind.  But there's papdi

23   puri, jeera puri, methi puri.  There's different kind of

24   puris.

25        Q.   Okay.  And the word "puri," is that a word for

Page 56

1    snack or something?

2        A.   Yes.  Papdi puri is a word for snack.  The

3    pani puri is also snacks, yeah.

4        Q.   Okay.  So we started out making pani puri.  So

5    you mentioned some other kinds of puri.  What's the next

6    kind of puri that the company started making after it

7    initially began making pani puri?

8        A.   Papdi puri.

9        Q.   Papaly (Phonetic Spelling)?

10       A.   Papdi, P-A-P-D-I.

11       Q.   Papdi?

12       A.   D for David.

13       Q.   David, okay.  Papdi.

14            And for the benefit of the jury and me,

15   what exactly is a papdi puri?

16       A.   It's kind of a -- the pani puri is kind of a

17   ball, and the papdi puri is kind of a flat.

18       Q.   All right.

19       A.   It's like a fried tortilla, the small size of

20   tortilla, fried tortilla, about 2 and a half inch

21   diameter.

22       Q.   Okay.  And about the size of a tortilla chip,

23   a large one?  Does that make any sense to you?

24       A.   Tortilla chips are like a triangle or

25   something.  This is round.

Page 57

1      Q.   Okay.  I was thinking more like the round

2  Doritos, kind of -- or Tostitos or other things that are

3  round.

4           But okay.  So these papdi puri, do they

5  have flavors?

6      A.   No.

7      Q.   So what do you use to make those?

8      A.   It's a different tradition style.  They put

9  some beans and chili sauce and hot sauce.  I mean,

10  it's -- they just -- with the beans or -- or any -- any

11  sauce.  And pani puri --

12           MR. McCOMBER:  And I think he was asking

13  at the factory, do you put anything else in it?

14           THE WITNESS:  No.

15      Q.   (BY MR. MANTEUFFEL)  Right.

16      A.   At the factory, no.

17      Q.   So these papdi puris, they also consist of the

18  flour, salt, and baking powder; is that right?

19      A.   That's all, yeah.

20      Q.   Did the company get those from the same

21  supplier we talked about earlier or the same suppliers

22  we talked about earlier?

23      A.   Yes.  There's another one supplier, Grain

24  Market.

25      Q.   Grain Market?

Page 58

1    A.   Yes.

2        Q.   Where are they located?

3    A.   They are in -- somewhere, Carrollton or

4    Farmers Branch.

5        Q.   Okay.

6    A.   But by the area, means not the Dallas area.

7    Sorry.

8        Q.   When did the company first start making the

9    papdi puris, then, approximately?

10    A.   In 2008 or '9.

11        Q.   Okay.  So we talked about the pani puri and

12    the papdi puri.  What's the next kind of food item that

13    the company started manufacturing after that?

14    A.   Jeera puri and methi puri.

15        Q.   And how do you spell jeera puri?

16    A.   J-E-E-R-A.

17        Q.   Jeera puri.  And if you could please describe

18    what a jeera puri looks like.

19    A.   Jeera means cumin seeds.  It's just the flavor

20    of cumin seed, that's what jeera puri is.

21        Q.   Okay.  And what do these things look like?

22    A.   The same, like papdi puri, 2 -- 2 1/2 inch

23    diameter flat tortilla with cumin seeds.

24        Q.   Okay.  So then besides flour, salt, and

25    baking?

Page 59

1      A.    Same.

2      Q.    So then you have cumin seeds?

3      A.    Yes.

4      Q.    Where does the company get the cumin seeds

5    from?

6      A.    Grain Market.

7      Q.    And when did the company start making the

8    jeera puri, roughly?

9      A.    Around '10 or '11.

10     Q.    All right.  And then there was another kind of

11   puri that you were talking about.  What was that?

12     A.    Methi puri.

13     Q.    How do you spell that?

14     A.    M-E-T-H-I.

15     Q.    All right.  And for the benefit of the jury

16   and me, what does methi puri look like?

17     A.    It's the same, like a papdi and jeera puri,

18   but it's a different flour, with the methi flour.  Methi

19   in English -- can I ask my brother an English word?

20     Q.    Yes, sir, that's fine.

21           MR. SHIRISH PATEL:  It's a spicy -- I

22   don't know exactly English word.  It's an herb.

23     A.    It's an herb.

24     Q.    (BY MR. MANTEUFFEL)  Oh, an herb?

25     A.    Yes.

Page 60

1    **Q.   Okay.**

2    A.   And we just add it in.

3    **Q.   So this methi puri has got herbs in it, as I**

4    **understand?**

5    A.   Yeah.

6    **Q.   So does it have a flavor, then, from the**

7    **herbs?**

8    A.   Yeah.  Methi flavor has its own flavor, methi

9    flavor.

10   **Q.   Okay.  And the methi herbs, where does the**

11   **company get those from?**

12   A.   Grain Market, Atlantic Food.

13   **Q.   When did the company start making the methi**

14   **puri?**

15   A.   Same, like '10 or '11.

16   **Q.   The machine that makes the balls, has the**

17   **company always just had one machine to make the balls or**

18   **did the company expand at some point to get additional**

19   **machines?**

20   A.   We added one more.

21   **Q.   When did you add that one, that extra one?**

22   A.   '11 or '12.

23   **Q.   Okay.  When the company is making these puri,**

24   **does the company set up the production line to make one**

25   **kind of puri for the whole day or do you change during**

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 61

1   the day to different kinds of puri?

2        A.   We change in different kind of puri.

3        Q.   Okay.  When you change from one kind of puri

4   to the other, do you have to clean the machines out to

5   get the residue from the earlier puri out?

6        A.   No.  Just the dough mixer need to be cleaned.

7   Other than that --

8        Q.   Okay.  So then was Mr. Rodriguez involved in

9   making all these different kinds of puri?

10       A.   Not really.

11       Q.   Okay.  What did he do then?

12       A.   Mainly, he's doing the pani puri.

13       Q.   Okay.  So when he started working for the

14  company, was there more than one production line?

15       A.   Yes.

16       Q.   Okay.  So was he assigned, for at least most

17  of the time, to the pani puri line?  Is that right?

18       A.   Yes.

19       Q.   Okay.  Does the company make more pani puri

20  than any other kind of puri?

21       A.   No.

22       Q.   So when Mr. Rodriguez started working for the

23  company, who set his original schedule?

24       A.   7:30 to 4:00.

25       Q.   All right.  But who gave him that schedule?

Page 115

1      Q.   $150.  So then if the amount on the agreement

2   that you put together with the $100 was released, would

3   that only leave $50 that was due and outstanding?

4      A.   No.  It's the 250 was -- after last check

5   deduction --

6      Q.   Okay.

7      A.   -- was $250, and then the end was 150 after

8   $100 of the agreement and 240 or 50 with paycheck, after

9   all that deduction, still I owned.

10     Q.   So if I understand your testimony correct,

11  that he still owes somewhere around $150; is that right?

12     A.   Yes, yes.

13     Q.   Thank you very much, sir.

14             MR. MANTEUFFEL:  Pass the witness.

15             MR. McCOMBER:  We reserve the remainder

16  of our questions until time of trial for Shan Namkeen,

17  Inc.

18             THE REPORTER:  Okay.

19             MR. McCOMBER:  This concludes that

20  deposition.  And we'll start over.

21             THE REPORTER:  Yes, this concludes the

22  deposition.

23             (Proceeding concluded at 12:33 p.m.)

24

25

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 116

1                        CHANGES AND SIGNATURE

2   WITNESS NAME:  SHAILESH D. PATEL, AS 30(b)(6)
    REPRESENTATIVE OF SHAN NAMKEEN, INC.
3
    DATE:  July 6, 2017
4
    Reason Codes: (1) to clarify the record; (2) to conform
5   to the facts; (3) to correct a transcription error; (4)
    other (please explain).
6   PAGE LINE          CHANGE               REASON

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22  _____

23  _____

24  _____

25  _____

Page 117

1  _____

2  _____

3          I, SHAILESH D. PATEL, have read the foregoing

4  deposition and hereby affix my signature that same is

5  true and correct, except as noted above.

6

7                          _____
                           SHAILESH D. PATEL

8  THE STATE OF _____)

9  COUNTY OF _____)

10

11          Before me, _____, on

12  this day personally appeared SHAILESH D. PATEL, known to

13  me (or proved to me under oath or through

14  _____) (description of identity

15  card or other document)) to be the person whose name is

16  subscribed to the foregoing instrument and acknowledged

17  to me that they executed the same for the purposes and

18  consideration therein expressed.

19          Given under my hand and seal of office this

20  _____ day of _____, _____.

21

22

23                          _____
                           NOTARY PUBLIC IN AND FOR

24                         THE STATE OF _____

25  COMMISSION EXPIRES: _____

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 118

1        UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF TEXAS
2            DALLAS DIVISION

3  DIMAS RODRIGUEZ, and all       §
   others similarly situated     §
4  under 29 U.S.C. 216(b),       §
   Plaintiff,                    §
5                                §    Cause No.:
   VS.                           §    3:15-cv-3370-BK
6                                §
   SHAN NAMKEEN, INC.,           §
7  SHAILESH PATEL, MANISHA       §
   PATEL, and SHIRISH PATEL,     §
8  Defendants.                   §

9

10

11

12              REPORTER'S CERTIFICATION

13      DEPOSITION OF SHAILESH D. PATEL, AS 30(b)(6)

14        REPRESENTATIVE OF SHAN NAMKEEN, INC.,

15             JULY 6, 2017

16

17      I, April R. Brunson, Certified Shorthand Reporter in

18  and for the State of Texas, hereby certify to the

19  following:

20      That the witness, SHAILESH D. PATEL, was duly sworn

21  by the officer and that the transcript of the oral

22  deposition is a true record of the testimony given by

23  the witness;

24      I further certify pursuant to FRCP Rule 30(f)(1)

25  that the examination and signature by the deponent was

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 119

1    requested by the deponent or a party before the

2    completion of the deposition and that, therefore, the

3    deposition transcript was submitted on

4    _____, 2017, to the witness or to the

5    attorney for the witness for examination and signature

6    before any notary public and to be returned to me within

7    30 days (or ____ days per agreement of counsel) from

8    date of receipt of the transcript.  If returned, the

9    attached Changes and Signature Page contains any changes

10   and the reasons therefore;

11       That pursuant to information given to the deposition

12   officer at the time said testimony was taken, the

13   following includes counsel for all parties of record:

14       FOR THE PLAINTIFF:

15           Mr. Robert L. Manteuffel

16           Mr. Joshua A. Petersen

17           J.H. Zidell, P.C.

18       FOR THE DEFENDANTS:

19           Mr. Ryan K. McComber

20           Figari & Davenport

21

22       That the amount of time used by each party at the

23   deposition is as follows:

24           MR. MANTEUFFEL...2 hours, 27 minutes

25           MR. McCOMBER.....2 minutes

RODRIGUEZ: SHAILESH D. PATEL 30(b)(6) - REP OF SHAN NAMKEEN, INC
7/6/2017

Page 120

1

2        That $_____ is the deposition officer's charges

3   to the Plaintiff for preparing the original deposition

4   transcript and any copies of exhibits;

5        I further certify that I am neither counsel for,

6   related to, nor employed by any of the parties or

7   attorneys in the action in which this proceeding was

8   taken, and further that I am not financially or

9   otherwise interested in the outcome of the action.

10       Certified to by me this _____ day of

11   _____, 2017.

12

13

14                    _____
                       April R. Brunson
15                     Texas CSR No. 7495
                       Expiration Date:  12/31/2017
16                     Firm No:  Dallas 69
                       1-888-656-DEPO
17

18

19

20

21

22

23

24

25

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMAS RODRIGUEZ, and all        §
others similarly situated       §
under 29 U.S.C. 216(b),         §
Plaintiff,                      §
                                §       Cause No.:
VS.                             §       3:15-cv-3370-BK
                                §
SHAN NAMKEEN, INC.,             §
SHAILESH PATEL, MANISHA         §
PATEL, and SHIRISH PATEL,       §
Defendants.                     §

-----------------------------------

ORAL DEPOSITION OF

SHAILESH D. PATEL

JULY 6, 2017

VOLUME 1 OF 1

-----------------------------------


      ORAL DEPOSITION OF SHAILESH D. PATEL, produced as a

witness at the instance of the Plaintiff, and duly

sworn, was taken in the above-styled and numbered cause

on July 6, 2017, from 12:35 p.m. to 12:54 p.m., before

April R. Brunson, CSR in and for the State of Texas,

reported by machine shorthand, at the law offices of

Figari & Davenport, 3400 Bank of America Plaza, 901 Main

Street, Dallas, Texas, pursuant to the Federal Rules of

Civil Procedure and the provisions stated on the record

or attached hereto.

RODRIGUEZ: SHAILESH D. PATEL

Page 2

1                     A P P E A R A N C E S

2

3   FOR THE PLAINTIFF:

4         Mr. Robert L. Manteuffel
          Mr. Joshua A. Petersen
5         J.H. ZIDELL, P.C.
          6310 LBJ Freeway, Suite 112
6         Dallas, Texas  75240
          972.233.2264
7         972.386.7610  (Fax)
          rlmanteuffel@sbcglobal.net
8         josh.a.petersen@gmail.com

9

10

11  FOR THE DEFENDANTS:

          Mr. Ryan K. McComber
12        FIGARI & DAVENPORT
          3400 Bank of America Plaza
13        901 Main Street
          Dallas, Texas  75202-3796
14        214.939.2071
          214.939.2090  (Fax)
15        ryan.mccomber@figdav.com

16

17

18  ALSO PRESENT:
          Mr. Shirish Patel - Defendant
19        Mr. Leonard Margolis - General Counsel for Defendant
                                Shan Namkeen, Inc.
20

21

22

23

24

25

RODRIGUEZ: SHAILESH D. PATEL

Page 3

1                          I N D E X

2                                                        PAGE

3    Appearances.......................................2

4

     Exhibit List......................................4

5

6    Stipulations.....................................--

7

     THE WITNESS:   SHAILESH D. PATEL
8          Examination by Mr. Manteuffel..................5

9

10   Signature and Changes............................20

11

     Reporter's Certificate...........................22

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RODRIGUEZ: SHAILESH D. PATEL

Page 4

1              E X H I B I T S

2    NO.   DESCRIPTION                          PAGE

3    1     Amended Notice of Depositions        17

4    2     Trademark/Service Mark Application   17
           Serial Number 87320535
5
     3     Trademark/Service Mark Application   17
6          Serial Number 87320527

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

1                  P R O C E E D I N G S

2                     SHAILESH D. PATEL,

3     having been first duly sworn, testified as follows:

4                         EXAMINATION

5     BY MR. MANTEUFFEL:

6         Q.   Sir, you're back under oath again, just like

7     before.  Do you understand that?

8         A.   Yes.

9         Q.   Yes, sir.  And we have the same formalities in

10    place that we had with regard to the deposition of the

11    company that I just finished up with you.  Do you

12    understand that?

13        A.   Yes.

14        Q.   Okay.  When I've given the -- for lack of a

15    better term -- introduction with regard to the

16    deposition of the company, I mentioned there are some

17    personal questions that lawyers have to ask, and since

18    this is your individual deposition, I'll ask those

19    questions at this time.

20             In the first instance, where do you live?

21        A.   I live in Allen, Texas.

22        Q.   All right.  And what's the address there?

23        A.   630 Belhaven Drive, one word, B-E-L-H-A-V-E-N.

24        Q.   Oh, haven, Belhaven?

25        A.   Yes.

Page 13

1    on my way to go delivery or something.

2        Q.   Okay.  So then you transport this material up

3    there.  Who is the other employee you're talking about

4    who would be working with you there?

5        A.   Whoever work on the laundry.

6        Q.   Okay.

7        A.   Maybe Ana or other employee.

8        Q.   Okay.  Because there could be other employees

9    there, so who -- besides Ana, who else worked at the

10   laundry for S2 Brothers, say, in the last three years?

11       A.   I forgot the name.  Jose or...

12       Q.   Okay.  Jose and Ana.  Anybody else you can

13   recall?

14       A.   And Rodrigo.

15       Q.   Okay.  That's right.  Okay.  Does Rodrigo work

16   there on the weekends mostly?

17       A.   Yes.

18       Q.   Okay.  Do you know if his wife works there at

19   all?

20       A.   No.

21       Q.   I'll hand you a document.  It's a trademark

22   service marked application for Shan Namkeen, Inc., for

23   part of the mark Real Taste of India.  Do you recognize

24   this document at all?

25       A.   Yes.

Page 14

1    Q.   And did the company engage a lawyer, whose

2    name is on the second page, Kelly J. Kubasta, to do the

3    trademark filing with regard to this mark?

4    A.   Yes.

5    Q.   And on the third page of this document, it

6    looks like it has your electronic signature, Shailesh

7    Patel.  Is that your authorized signature on the

8    document?

9            MR. McCOMBER:  Do you know if you signed

10   that or authorized that signature?

11   A.   Yeah, I think I signed it.

12   Q.   (BY MR. MANTEUFFEL)  Okay.  Because you wanted

13   to -- or the company, Shan Namkeen, Inc., wanted to get

14   this particular mark, right?

15   A.   Yes.

16   Q.   So you have to register it with the Patent and

17   Trademark Office?

18   A.   Yes.

19   Q.   To get the registration done?

20   A.   Yes.

21   Q.   And then, based upon the registration, then

22   there's a long and arduous process that goes ahead --

23   goes along with getting a mark.  It has to go through

24   various stages of review by the attorney that is at the

25   Patent and Trademark Office and then other people who

RODRIGUEZ: SHAILESH D. PATEL

Page 15

1   might have a claim to portions of that mark that are

2   going to do an opposition, perhaps, if they wanted to

3   oppose the mark.  Is that your understanding?

4        A.  Yes.

5             MR. McCOMBER:  Objection, calls for

6   speculation.

7        Q.  (BY MR. MANTEUFFEL)  I think I've got a better

8   understanding on the kinds of materials.  If we take a

9   look at -- there are some pictures that are attached to

10  the application of the use of the mark, if you'll go to

11  the next page.  I'm sorry, sir.  After that.

12       A.  The picture?

13       Q.  Right.  Real Taste of India, it looks like

14  that's the bold-faced application font for the mark.

15  And these look like little noodles in a plastic

16  container.  What are these?  What kind of food are

17  these?

18       A.  That's the gathia we just started, our new

19  product.

20       Q.  And is that the little plastic boxes you were

21  talking about earlier?

22       A.  Yes.

23       Q.  And then if you go to the next page, there's a

24  type of food that looks a little different.

25       A.  Same thing, gathia.  It's three different

Page 16

1   gathias.

2       Q.   So the -- I'm trying to think.  There's a

3   cookie that my wife makes at Christmastime like that you

4   can -- that can be extruded in different shapes.

5       A.   Yes.

6       Q.   The dough can come out different -- like

7   pasta, again.  Different shapes?

8       A.   Yes.

9       Q.   Okay.  And the page after that, what kind

10  of --

11      A.   That's the jeera puri.

12      Q.   Okay.  Is that the 2 and a half inch?

13      A.   Yes.

14      Q.   And the page after that, what kind of foods

15  are those?

16      A.   It's the methi puri.

17      Q.   Okay.  And after that, there's what look like

18  pretty large noodles sort of things?

19      A.   It is gathia, papdi gathia.

20      Q.   And then after that, there's a --

21      A.   This is the same thing, gathia.

22      Q.   Okay.  But it's a thinner variety; is that

23  what it is?

24      A.   Yes.

25      Q.   Okay.  And then there's the next page

Page 17

1    after that looks like 50 count of pani puri; is that

2    right?

3         A.   Yes.

4         Q.   Okay.  And then the page after that, is that

5    also a pani puri?

6         A.   It's a papdi.

7         Q.   Oh, papdi, I see, papdi puri.  Okay.

8              MR. MANTEUFFEL:  We'll make the notice

9    Exhibit Number 1, and this will be Exhibit Number 2.

10             (Exhibits 1 and 2 were marked.)

11             MR. MANTEUFFEL:  The notice is Number 1,

12   and that's Number 2.

13             Mark that as 3, please.

14             (Exhibit 3 was marked.)

15        Q.   (BY MR. MANTEUFFEL)  All right.  Great.

16             I'm handing you what's been marked as

17   Exhibit Number 3, which is another trademark service

18   mark application.

19             MR. McCOMBER:  Is one of those an extra

20   copy for me?

21             MR. MANTEUFFEL:  Sure.  You can have one.

22             MR. McCOMBER:  Thank you.

23             MR. MANTEUFFEL:  In fact, I'll give you

24   one of the other ones.  How about that?

25             MR. McCOMBER:  Thank you.

Page 18

1    Q.   (BY MR. MANTEUFFEL)  And again, if you take a

2    look at that document, do you recognize that document?

3    A.   Yes.

4    Q.   And on the third page of that document, is

5    that your authorized electronic signature for the

6    application?

7    A.   Yes.

8    Q.   And this particular mark, it looks like it's

9    for the -- it says Shan Namkeen, and then there's a face

10   of a young boy or young person inside an oval, kind of a

11   graphic.  Is that what this is supposed to be for?

12   A.   Yes.

13   Q.   And is that mark also to be used on all the

14   other different kinds of food products we just

15   discussed?

16   A.   Yeah, what they were.

17   Q.   Okay.  When you were working in the printing

18   business --

19   A.   Yes.

20   Q.   -- did you ever have any occasion to deal with

21   trademarks with printers?

22   A.   No.

23   Q.   Let's see.  Thank you very much, sir.

24            MR. MANTEUFFEL:  Pass the witness.

25            MR. McCOMBER:  We'll reserve our

RODRIGUEZ: SHAILESH D. PATEL

Page 19

1   questions until time of trial.

2                   MR. MANTEUFFEL:  Thank you very much,

3   sir.  Appreciate your time.  We're off.

4                   (Proceeding concluded at 12:54 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 20

1                    CHANGES AND SIGNATURE

2     WITNESS NAME:  SHAILESH D. PATEL

3     DATE:  July 6, 2017

4     Reason Codes: (1) to clarify the record; (2) to conform
      to the facts; (3) to correct a transcription error; (4)
5     other (please explain).

6     PAGE LINE          CHANGE               REASON

7     _____

8     _____

9     _____

10    _____

11    _____

12    _____

13    _____

14    _____

15    _____

16    _____

17    _____

18    _____

19    _____

20    _____

21    _____

22    _____

23    _____

24    _____

25    _____

Page 21

1   _____

2   _____

3          I, SHAILESH D. PATEL, have read the foregoing

4   deposition and hereby affix my signature that same is

5   true and correct, except as noted above.

6

7                     _____
                      SHAILESH D. PATEL

8   THE STATE OF _____)

9   COUNTY OF _____)

10

11         Before me, _____, on

12  this day personally appeared SHAILESH D. PATEL, known to

13  me (or proved to me under oath or through

14  _____) (description of identity

15  card or other document)) to be the person whose name is

16  subscribed to the foregoing instrument and acknowledged

17  to me that they executed the same for the purposes and

18  consideration therein expressed.

19         Given under my hand and seal of office this

20  _____ day of _____, _____.

21

22

23                    _____
                      NOTARY PUBLIC IN AND FOR

24                    THE STATE OF _____

25  COMMISSION EXPIRES: _____

RODRIGUEZ: SHAILESH D. PATEL

Page 22

1               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
2                     DALLAS DIVISION

3   DIMAS RODRIGUEZ, and all      §
    others similarly situated     §
4   under 29 U.S.C. 216(b),       §
    Plaintiff,                    §
5                                 §        Cause No.:
    VS.                           §        3:15-cv-3370-BK
6                                 §
    SHAN NAMKEEN, INC.,           §
7   SHAILESH PATEL, MANISHA       §
    PATEL, and SHIRISH PATEL,     §
8   Defendants.                   §

9

10

11

12              REPORTER'S CERTIFICATION

13          DEPOSITION OF SHAILESH D. PATEL

14                 JULY 6, 2017

15

16      I, April R. Brunson, Certified Shorthand Reporter in

17  and for the State of Texas, hereby certify to the

18  following:

19      That the witness, SHAILESH D. PATEL, was duly sworn

20  by the officer and that the transcript of the oral

21  deposition is a true record of the testimony given by

22  the witness;

23      I further certify pursuant to FRCP Rule 30(f)(1)

24  that the examination and signature by the deponent was

25  requested by the deponent or a party before the

RODRIGUEZ: SHAILESH D. PATEL

Page 23

1  completion of the deposition and that, therefore, the

2  deposition transcript was submitted on

3  _____, 2017, to the witness or to the

4  attorney for the witness for examination and signature

5  before any notary public and to be returned to me within

6  30 days (or ____ days per agreement of counsel) from

7  date of receipt of the transcript.  If returned, the

8  attached Changes and Signature Page contains any changes

9  and the reasons therefore;

10     That pursuant to information given to the deposition

11 officer at the time said testimony was taken, the

12 following includes counsel for all parties of record:

13     FOR THE PLAINTIFF:

14          Mr. Robert L. Manteuffel

15          Mr. Joshua A. Petersen

16          J.H. Zidell, P.C.

17     FOR THE DEFENDANTS:

18          Mr. Ryan K. McComber

19          Figari & Davenport

20

21     That the amount of time used by each party at the

22 deposition is as follows:

23          MR. MANTEUFFEL...19 minutes

24          MR. McCOMBER.....0 minutes

25

RODRIGUEZ: SHAILESH D. PATEL

Page 24

1      That $_____ is the deposition officer's charges

2  to the Plaintiff for preparing the original deposition

3  transcript and any copies of exhibits;

4      I further certify that I am neither counsel for,

5  related to, nor employed by any of the parties or

6  attorneys in the action in which this proceeding was

7  taken, and further that I am not financially or

8  otherwise interested in the outcome of the action.

9      Certified to by me this _____ day of

10 _____, 2017.

11

12

13 _____

14 April R. Brunson
   Texas CSR No. 7495
15 Expiration Date:  12/31/2017
   Firm No:  Dallas 69
16 1-888-656-DEPO

17

18

19

20

21

22

23

24

25

 **Gmail**

**Joshua Petersen <josh.a.petersen@gmail.com>**

## Rodriguez v. Shan Namkeen - Defendants' Discovery Responses

**Joshua Petersen** <josh.a.petersen@gmail.com>       Tue, Aug 29, 2017 at 9:09 AM
To: "Ryan K. McComber" <ryan.mccomber@figdav.com>
Cc: Robert Manteuffel <rlmanteuffel@sbcglobal.net>

Ryan,

Following up on our discussion yesterday, it is our position that the responses of Defendants Shan Namkeen, Inc., Shailesh Patel, Manisha Patel, and Shirish Patel to Plaintiff's First Request for Production Nos. 2, 3, 4, 5, 6, 7, 8, 9, 17, 29, 30, 31, 32, 35, 38, and 40 to the same are improper and result in waiver.  *See e.g.* Heller v. City of Dallas, 303 F.R.D. 466 (N.D. Tex. 2014); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Much the same analysis applies to the responses of Defendants Shan Namkeen, Inc., Shailesh Patel, Manisha Patel, and Shirish Patel to Plaintiff's Interrogatories Nos. 6, 10, and 11 to the same. Furthermore, the interrogatory responses served on us on July 8, 2016 for Shan Namkeen, Inc. and Shailesh Patel and on July 21, 2017 for Defendants Manisha Patel and Shirish Patel are not verified, in violation of Federal Rule of Civil Procedure 33(b)(5).

Finally, the Court's Standing Order on Non-dispositive Motions, a copy of which is attached hereto, requires a party objecting to discovery requests to affirmatively indicate whether any responsive information or documents have been withheld.  (DE 12 at ¶ 2).  Defendants' discovery responses do not indicate whether any responsive documents are being withheld pursuant to the numerous objections raised therein.

In light of these circumstances, our request is that Defendants produce the documents responsive to Plaintiff's Requests for Production 2, 3, 4, 5, 6, 7, 8, 9, 17, 29, 30, 31, 32, 35, 38, and 40, fully answer Plaintiff's Interrogatories Nos. 6, 10, and 11, and provide verification pages for each of the Defendants' answers to Plaintiff's Interrogatories.

If we are unable to resolve these issues, we will need to file a Joint Status Report setting out the parties' positions regarding these discovery matters.  (DE 12 at ¶ 3).  I will begin drafting an outline for the JSR that we can use an outline to guide our followup conference.  My understanding based on our conference yesterday is that you believe you will have a response to our request as outlined in this email tomorrow.  Please let me know when you are available to have a final conference on these issues so that we can resolve this matter as expeditiously as possible.

Regards,
Josh

Joshua A. Petersen
Attorney & Counselor at Law

J.H. Zidell P.C.
Concourse Office Park
6310 LBJ Freeway, Suite 112

**App. 124**

Dallas, Texas 75240


Tel: 972-233-2264
Fax: 972-386-7610
Email: josh.a.petersen@gmail.com

---

**[12] Standing.Order.Non.Disp.Motions.Rodriguez.Shan.Namkeen.pdf**
52K

 Gmail

**Joshua Petersen <josh.a.petersen@gmail.com>**

---

## Rodriguez v. Shan Namkeen - Defendants' Discovery Responses

---

**Joshua Petersen** <josh.a.petersen@gmail.com>              Fri, Sep 1, 2017 at 8:16 AM
To: "Ryan K. McComber" <ryan.mccomber@figdav.com>
Cc: Robert Manteuffel <rlmanteuffel@sbcglobal.net>

Ryan,

Just following up on my previous email.  Please let me know your availability re: a final conference.

Regards,
Josh

Joshua A. Petersen
Attorney & Counselor at Law


J.H. Zidell P.C.
Concourse Office Park
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240


Tel: 972-233-2264
Fax: 972-386-7610
Email: josh.a.petersen@gmail.com

On Tue, Aug 29, 2017 at 9:09 AM, Joshua Petersen <josh.a.petersen@gmail.com> wrote:

Ryan,

Following up on our discussion yesterday, it is our position that the responses of Defendants Shan Namkeen, Inc., Shailesh Patel, Manisha Patel, and Shirish Patel to Plaintiff's First Request for Production Nos. 2, 3, 4, 5, 6, 7, 8, 9, 17, 29, 30, 31, 32, 35, 38, and 40 to the same are improper and result in waiver.  *See e.g.* Heller v. City of Dallas, 303 F.R.D. 466 (N.D. Tex. 2014); McLeod, Alexander, Powel & Apfel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Much the same analysis applies to the responses of Defendants Shan Namkeen, Inc., Shailesh Patel, Manisha Patel, and Shirish Patel to Plaintiff's Interrogatories Nos. 6, 10, and 11 to the same. Furthermore, the interrogatory responses served on us on July 8, 2016 for Shan Namkeen, Inc. and Shailesh Patel and on July 21, 2017 for Defendants Manisha Patel and Shirish Patel are not verified, in violation of Federal Rule of Civil Procedure 33(b)(5).

Finally, the Court's Standing Order on Non-dispositive Motions, a copy of which is attached hereto, requires a party objecting to discovery requests to affirmatively indicate whether any responsive information or documents have

**App. 126**

been withheld.  (DE 12 at ¶ 2).  Defendants' discovery responses do not indicate whether any responsive documents are being withheld pursuant to the numerous objections raised therein.

In light of these circumstances, our request is that Defendants produce the documents responsive to Plaintiff's Requests for Production 2, 3, 4, 5, 6, 7, 8, 9, 17, 29, 30, 31, 32, 35, 38, and 40, fully answer Plaintiff's Interrogatories Nos. 6, 10, and 11, and provide verification pages for each of the Defendants' answers to Plaintiff's Interrogatories.

If we are unable to resolve these issues, we will need to file a Joint Status Report setting out the parties' positions regarding these discovery matters.  (DE 12 at ¶ 3).  I will begin drafting an outline for the JSR that we can use an outline to guide our followup conference.  My understanding based on our conference yesterday is that you believe you will have a response to our request as outlined in this email tomorrow.  Please let me know when you are available to have a final conference on these issues so that we can resolve this matter as expeditiously as possible.

Regards,
Josh

Joshua A. Petersen
Attorney & Counselor at Law


J.H. Zidell P.C.
Concourse Office Park
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240


Tel: 972-233-2264
Fax: 972-386-7610
Email: josh.a.petersen@gmail.com

**App. 127**

EXHIBIT
D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 3:15-cv-03370-BK |
| SHAN NAMKEEN, INC. and SHAILESH PATEL, MANISHA PATEL, and SHIRISH PATEL, | § § § § § | |
| Defendants. | § § § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

TO:    Plaintiff Dimas Rodriguez, by and through his attorneys of record, Robert L. Manteuffel and J.H. Zidell, JH ZIDELL PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240.

Shan Namkeen, Inc. ("SNI"), and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and responses to Plaintiff's Second Request for Production.

Respectfully submitted,

By: _____

Timothy A. Daniels
Texas Bar No. 05375190
timothy.daniels@figdav.com
Ryan K. McComber
Texas Bar No. 24041428
ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via certified mail, return receipt requested to counsel for Plaintiff, Robert Lee Manteuffel and J.H. Zidell, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240 on December 2, 2016.

_____

Ryan K. McComber

## OBJECTIONS AND RESPONSES

1.    A copy of S2 Brothers, LLC's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

2.    A copy of all documents used by Shailesh Patel or anyone else to prepare S2 Brothers, LLC's federal tax returns for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

3.    All of S2 Brothers, LLC's bank statements from any and all banks S2 Brothers, LLC has/had accounts with for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

4.    A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) S2 Brothers, LLC by its clients for the years 2010, 2011, 2012, 2013, 2014, and 2015. This request includes any documents with respect to money that was received by S2 Brothers, LLC and later paid to the state, local or federal government or any subdivision thereof.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information and confidential and proprietary client information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

5.   Any and all corporate books and records of the S2 Brothers, LLC and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of S2 Brothers, LLC.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive financial information, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

6.   Any and all wage claims and/or wage-hour complaints filed by any of S2 Brothers, LLC's former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**RESPONSE:** Defendants have no responsive documents.

7.   Any and all time cards, time and attendance sheets and other documents which indicate or reflect the identities of current or former employees of S2 Brothers, LLC.

**RESPONSE:** Defendants object to this request as vague, overbroad, harassing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking sensitive personal and financial information, to the extent it seeks the production of documents protected by the attorney-client and/or work product privileges, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, particularly given that Plaintiff was not employed by S2 Brothers, LLC. *See also* Defendants' motion to dismiss.

8.   Any and all documents received from the Texas Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the S2 Brothers, LLC's wage-hour practices during the relevant time period.

**RESPONSE:** Defendants have no responsive documents.

9.   Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the S2 Brothers, LLC's wage-hour practices during the relevant time period.

**RESPONSE:** Defendants have no responsive documents.

10.   All videotapes, security logs, and any other documents associated with any security systems at S2 Brothers, LLC's facilities for the years 2010, 2011, 2012, 2013, 2014, and 2015.

**RESPONSE:** Defendants have no responsive documents.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMAS RODRIGUEZ, and all others §
similarly situated under 29 U.S.C. 216 §
(b), §
　 §
　　Plaintiffs, §
　 §
v. §　　　　C.A. No. 3:15-cv-03370-BK
　 §
SHAN NAMKEEN, INC. and §
SHAILESH PATEL, §
　 §
　　Defendants. §

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:　Plaintiff Dimas Rodriguez, by and through his attorneys of record, J H Zidell PC, 6310
　　　LBJ Freeway, Suite 112, Dallas, TX 75240.

　　　Shan Namkeen, Inc. ("SNI") and Shailesh Patel ("Patel") (collectively, "Defendants")

serve their objections and responses to Plaintiff's Request for Admissions.

Respectfully submitted,

By: /s/ Ryan K. McComber

    Timothy A. Daniels
    Texas Bar No. 05375190
    timothy.daniels@figdav.com
    Ryan K. McComber
    Texas Bar No. 24041428
    ryan.mccomber@figdav.com

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 – FAX

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via e-mail, to counsel for Plaintiff, Robert Lee Manteuffel, J H Zidell PC, 6310 LBJ Freeway, Suite 112, Dallas, TX 75240 on July 8, 2016.

/s/ Ryan K. McComber
Ryan K. McComber

---

## OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

Admit that Plaintiff worked the average hours per week alleged in the Complaint with you during her/his entire employment period with you as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 2:

Admit that you paid Plaintiff on average the hourly rates alleged in the Complaint since Plaintiff began employment with you until her/his termination from employment as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 3:

Admit that you never paid Plaintiff overtime wages during Plaintiff s entire employment period with you for the time period as stated in the Complaint.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 4:

Admit that you do not pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours since at least 2004.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 5:

Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff s entire employment period with you as stated in the Complaint.

---

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 6:**

Admit that, at times, you paid Plaintiff in cash to compensate him/her for some of her/his wages and that you never reported these payments to the Internal Revenue Service.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 7:**

Admit that you documented the Plaintiff to have worked far fewer hours than in reality the Plaintiff worked for you.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 8:**

Admit that you maintain no written time sheets or punch cards for the hours that Plaintiff worked for you at all.

**RESPONSE:**

Denied.


**REQUEST FOR ADMISSION NO. 9:**

Admit that the Fair Labor Standards Act applies to your business for the time Plaintiff worked for you.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Fair Labor Standards Act applies to the Plaintiff's work while he/she worked for you.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit the Corporate Defendant grossed $500,000 or more in business done in 2010, 2011, 2012, 2013, 2014, and 2015. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied for all years, except Defendants state that SNI has not yet filed a tax return for 2015.

**REQUEST FOR ADMISSION NO. 12:**

Admit the Corporate Defendant's business for which Plaintiff worked during the relevant period was involved in interstate commerce which involved states or countries outside the state of Texas in 2010, 2011, 2012, 2013, 2014, and 2015. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that at least (2) of the Corporate Defendant's employees on a regular and recurrent basis, during 2010, 2011, 2012, 2013, 2014, and 2015, handled or otherwise worked with materials, goods, or products that were manufactured outside the State of Texas. If denied for any year(s) specify which year(s).

**RESPONSE:**

Denied.

---